UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARD SOKOLOW, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LJM FUNDS MANAGEMENT, LTD., TWO ROADS SHARED TRUST, NORTHERN LIGHTS DISTRIBUTORS, LLC, ANDREW ROGERS, MARK GERTSEN, MARK GARBIN, NEIL KAUFMAN, ANITA KRUG, JAMES COLANTINO, ANISH PARVATANENI, and ANTHONY CAINE,<br><br>Defendants. | Civil No.<br><br><br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Plaintiff Leonard Sokolow ("Plaintiff") alleges the following based upon the investigation by Plaintiff's counsel, which included, among other things: a review of the public documents, conference calls, and announcements made by LJM Funds Management, Ltd. ("LJM Partners" or the "Company") and its executives; U.S. Securities and Exchange Commission ("SEC") filings and press releases; wire and press releases published by and regarding the Company; securities analysts' reports and advisories about the Company; and information readily available on the Internet. Plaintiff believes that substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

**SUMMARY OF THE ACTION**

1.      This is a securities fraud class action on behalf of persons who purchased shares of the LJM Preservation and Growth Fund (ticker: LJMIX) (hereinafter, "LJMIX" or the "Fund") between February 28, 2015 and February 7, 2018, inclusive (the "Class Period").

2. LJMIX is a mutual fund that purports to invest primarily in purchased and sold call and put options on Standard & Poor's 500 Futures Index ("S&P").

3. Defendants (defined below) represented in LJMIX's Registration Statements and Prospectuses (defined below) that "[t]he Fund aims to preserve capital, particularly in down markets (including major market drawdowns), through using put option spreads as a form of mitigation risk." In truth, however, LJMIX was not focused on capital preservation and left investors exposed to an unacceptably high risk of catastrophic losses.

4. The truth emerged on February 5, 2018, when the S&P fell approximately 4.6%. In the wake of this drop, LJMIX plunged from $9.82 on February 2, to $1.94 on February 7, a massive loss of approximately 80%.

## JURISDICTION AND VENUE

5. The claims asserted herein arise under and pursuant to §§11, 12 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§77k, 77l, and 77o. This Court has jurisdiction over the subject matter of this action pursuant to §22 of the Securities Act, 15 U.S.C. §77v.

6. Venue is also proper in this District under §22 of the Securities Act, which provides that any suit under the Securities Act "may be brought in the district wherein the defendant is found or is an inhabitant or transacts business[.]" 15 U.S.C. §77v(a). Many of the violations of law complained of herein occurred in this District, including the dissemination of the materially false and misleading statements complained of herein. In addition, LJM Partner's principal executive offices are located in this District. Each of the other Defendants also have sufficient contacts within this District, or otherwise purposefully availed themselves of benefits of this District, so as to render the exercise of jurisdiction over each by this District consistent with traditional notions of fair play and substantial justice.

**PARTIES**

7. Plaintiff Leonard Sokolow purchased LJMIX pursuant to the Registration Statements and Prospectuses described below and was damaged thereby. Plaintiff's transactions in LJMIX during the Class Period are set forth in his certification.

8. Defendant LJM Funds Management, Ltd. is the investment advisor to LJMIX.

9. Defendant Two Roads Shared Trust, a Delaware statutory trust organized on June 8, 2012 ("Two Roads"), is the registrant. Two Roads is registered as an open-end management investment company currently consisting of 13 separate portfolios.

10. Defendant Northern Lights Distributors, LLC ("Northern Lights") serves as the principal underwriter and national distributor for the shares of Two Road pursuant to an Underwriting Agreement with Two Roads.

11. Defendant Mark Gertsen ("Gertsen") is the Chairman of Two Roads and a trustee. He signed the 2015, 2016, and 2017 Registration Statements.

12. Defendant Mark Garbin ("Garbin") is a trustee of Two Roads. He signed the 2015, 2016, and 2017 Registration Statements.

13. Defendant Neil Kaufman ("Kaufman") is a trustee of Two Roads. He signed the 2015, 2016, and 2017 Registration Statements.

14. Defendant Anita Krug ("Krug") is a trustee of Two Roads. She signed the 2015, 2016, and 2017 Registration Statements.

15. Defendant Andrew Rogers ("Rogers") is the President and Principal Executive Officer of Two Roads. He signed the 2015, 2016, and 2017 Registration Statements.

16. Defendant James Colatino ("Colatino") is the Treasurer and Principal Executive Officer of Two Roads. He signed the 2015, 2016, and 2017 Registration Statements.

17. Defendant Anthony Caine ("Caine") is the founder and Chairman of Defendant LJM Partners.

18. Defendant Anish Parvataneni ("Parvataneni") is the Chief Portfolio Manager of Defendant LJM Partners.

19. Defendants Caine, Colatino, Garbin, Gertsen, Kaufman, Krug, Parvataneni, and Rogers are collectively referred to herein as the "Individual Defendants."

20. Defendants LJM Partners, Two Roads, and Northern Lights and Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

21. LJMIX is a fund that primarily invests in purchased (or "long") and sold (or "short") call and put options on S&P.

22. The Fund seeks to achieve its investment objectives by capturing gains on options sold on S&P futures contracts that can be purchased (or "closed") at a later date for a lower price than the price realized when originally sold. Excess cash is normally invested in a money market fund.

23. Pursuant to the Securities Act, Defendants periodically filed Registration Statements and Prospectuses in connection with the sale of LJMIX.

24. On February 28, 2015, Defendants filed a Registration Statement and Prospectus (the "2015 Registration Statement"), which represented that "[t]he LJM Preservation and Growth Fund (the "Fund") seeks capital appreciation and capital preservation with low correlation to the broader U.S. equity market."

25. The 2015 Registration Statement further represented that "[t]he Fund aims to preserve capital, particularly in down markets (including major market drawdowns), through using put option spreads as a form of mitigation risk."

4

26. On February 29, 2016, Defendants filed a Registration Statement and Prospectus (the "2016 Registration Statement") that contained misstatements similar to those in the 2015 Registration Statement.

27. On February 28, 2017, Defendants filed a Registration Statement and Prospectus (the "2017 Registration Statement") that contained misstatements similar to those in the 2015 Registration Statement.

28. The foregoing statements were false and misleading because LJMIX was not focused on capital preservation and left investors exposed to an unacceptably high risk of catastrophic losses. Further, Defendants violated 17 C.F.R. §229.303 by failing to disclose the fact that LJMIX had not taken appropriate steps to preserve capital in down markets and left investors exposed to an unacceptably high risk of catastrophic losses.

29. The truth emerged on February 5, 2018, when the S&P fell approximately 4.6%. In the wake of this drop, LJMIX plunged from $9.82 on February 2, to $1.94 on February 7, a massive loss of approximately 80%.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired shares of LJMIX pursuant and/or traceable to the misleading Registration Statements and Prospectuses alleged herein (the "Class"). Excluded from the Class are each of the Defendants, their respective successors, assigns, parents, and subsidiaries, the past and current executive officers and directors of LJM Partners, the legal representatives, heirs, successors or assigns of the Individual Defendants, and any entity in which any of the foregoing excluded persons have or had a majority ownership interest.

31. The members of the Class are so numerous that joinder of all members is impracticable. LJMIX had hundreds of millions of dollars under management. While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Moreover, record owners and other members of the Class may be identified from records maintained by LJM Partners, or its transfer agent, and may be notified of the pendency of this action by mail using forms of notice similar to that customarily used in securities class actions.

32. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law, as alleged herein.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

34. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the Securities Act was violated by Defendants' acts as alleged herein;

(b) whether statements made, authorized, or disseminated by Defendants to the investing public, in connection with the Registration Statements and Prospectuses, misrepresented and/or omitted material facts about LJMIX; and

(c) the extent to which the members of the Class have sustained damages and the proper measure of damages.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, as

the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FIRST CLAIM
## Violation of §11 of the Securities Act
## (Against All Defendants Except Caine and Parvataneni)

36. Plaintiff repeats and realleges each and every allegation previously stated herein.

37. This claim is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class and against all Defendants, excluding Defendants Caine and Parvataneni.

38. The Registration Statements were inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and otherwise omitted to state material facts required to be stated therein.

39. Two Roads was registrant. The Defendants named herein were responsible, either directly or as a matter of law, for the contents and dissemination of the Registration Statements.

40. Two Roads is strictly liable to Plaintiff and the Class for the misstatements and omissions.

41. In addition, all Defendants, other than Defendants Caine and Parvataneni, are also strictly liable to Plaintiff and the Class for the misstatements and omissions. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statements were true, without omissions of any material facts, and were not misleading.

42. By reason of the inaccuracies and omissions contained in the Registration Statements, and Defendants' role in their preparation, dissemination, and/or signing, and/or the other misconduct alleged herein, each Defendant violated and/or controlled a person who violated §11 of the Securities Act.

43. Plaintiff acquired LJMIX pursuant and/or traceable to the Registration Statements.

44. Plaintiff and the Class have sustained damages under §11(e) of the Securities Act, as the value of LJMIX dropped precipitously.

## SECOND CLAIM
### Violation of §12 of the Securities Act
### (Against Defendants Caine, Parvataneni, Two Roads, and Northern Lights)

45. Plaintiff repeats and realleges each and every allegation previously stated herein.

46. This claim is brought pursuant to §12 of the Securities Act, 15 U.S.C. §77l, on behalf of the Class and against Defendants Caine, Parvataneni, Two Roads, and Northern Lights.

47. By means of the defective Prospectuses, Defendants Caine, Parvataneni, Two Roads, and Northern Lights were statutory sellers as a result of their solicitation activity. These Defendants promoted and solicited the sale of LJMIX stock to Plaintiff and other members of the Class. These solicitation activities were conducted out of a motivation to serve their own financial interests, including, *inter alia*, receipt of millions of dollars from underwriting fees, spreads, and other compensation.

48. The solicitation activities performed by Defendants include, *inter alia*, signing the Registration Statements and Prospectuses and direct communications with investors.

49. The Prospectuses contained untrue statements of material fact and concealed and failed to disclose material facts, as detailed above. Defendants owed Plaintiff and the other members of the Class, who purchased LJMIX pursuant to the Prospectuses, the duty to make a reasonable and diligent investigation of the statements contained in the Prospectuses to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectuses, as set forth above.

8

50. Plaintiff did not know, nor in the exercise of reasonable diligence could have known, of the untruths and omissions contained in the Prospectuses at the time Plaintiff acquired LJMIX.

51. By reason of the conduct alleged herein, Defendants violated §12(a)(2) of the Securities Act. As a direct and proximate result of such violation, Plaintiff and the other members of the Class sustained substantial losses in connection with their purchases of the stock. Accordingly, Plaintiff and the other members of the Class, who hold LJMIX issued pursuant to the Prospectuses, have the right to rescind and recover the consideration paid for their shares and hereby tender their shares to Defendants sued herein. Class members who have sold LJMIX seek damages to the extent permitted by law.

**THIRD CLAIM**
**Violation of §15 of the Securities Act**
**(Against the Individual Defendants)**

52. Plaintiff repeats and realleges each and every allegation previously stated herein.

53. This claim is brought pursuant to §15 of the Securities Act, 15 U.S.C. §77o, on behalf of the Class and against all Individual Defendants.

54. The Individual Defendants, by virtue of their offices, directorship, and specific acts, were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Two Roads within the meaning of §15 of the Securities Act. The Individual Defendants had the power and influence, and exercised the same, to cause Two Roads to engage in the acts described herein.

55. The Individual Defendants' positions made them privy to, and provided them with, actual knowledge of the material facts concealed from Plaintiff and the Class.

56. By virtue of the conduct alleged herein, the Individual Defendants are liable to Plaintiff and the Class for damages they have suffered.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(A)　　Determining that this action is a proper class action pursuant to Fed. R. Civ. P. 23;

(B)　　Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages suffered in connection with their purchases of LJMIX to the maximum extent permitted under §11(e) of the Securities Act, and any other applicable law, in an amount to be proven at trial, plus interest thereon;

(C)　　Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees;

(D)　　Awarding rescission or a rescissory measure of damages; and

(E)　　Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  February 9, 2018　　　　　　　　**FREED KANNER LONDON & MILLEN LLC**

　　　　　　　　　　　　　　　　　　　　 */s/* Michael J. Freed
　　　　　　　　　　　　　　　　　　　　Michael J. Freed (IL Bar No. 0869120
　　　　　　　　　　　　　　　　　　　　William H. London (IL Bar No. 6196353)
　　　　　　　　　　　　　　　　　　　　Brian M. Hogan (IL Bar No. 6286419)
　　　　　　　　　　　　　　　　　　　　2201 Waukegan Road, Suite 130
　　　　　　　　　　　　　　　　　　　　Bannockburn, IL 60015
　　　　　　　　　　　　　　　　　　　　Telephone: (224) 632-4500
　　　　　　　　　　　　　　　　　　　　Facsimile:  (224) 632-4521
　　　　　　　　　　　　　　　　　　　　blondon@fklmlaw.com
　　　　　　　　　　　　　　　　　　　　mfreed@fklmlaw.com
　　　　　　　　　　　　　　　　　　　　bhogan@fklmlaw.com

　　　　　　　　　　　　　　　　　　　　Thomas L. Laughlin, IV
　　　　　　　　　　　　　　　　　　　　Rhiana S. Swartz
　　　　　　　　　　　　　　　　　　　　**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
　　　　　　　　　　　　　　　　　　　　The Helmsley Building
　　　　　　　　　　　　　　　　　　　　230 Park Avenue, 17th Floor
　　　　　　　　　　　　　　　　　　　　New York, NY 10169
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 223-6444
　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 223-6334
　　　　　　　　　　　　　　　　　　　　tlaughlin@scott-scott.com
　　　　　　　　　　　　　　　　　　　　rswartz@scott-scott.com

                                          Michael E. Criden
                                          Lindsey C. Grossman
                                          **CRIDEN & LOVE, P.A.**
                                          7301 SW 57th Court, Suite 515
                                          South Miami, FL 33143
                                          Telephone: (305) 357-9000
                                          Facsimile:  (305) 357-9050
                                          mcriden@cridenlove.com
                                          lgrossman@cridenlove.com

                                          *Attorneys for Plaintiff Leonard Sokolow*