IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARD SOKOLOW, <br><br> Plaintiff, <br><br> v. <br><br> LJM FUNDS MANAGEMENT, LTD, et al., <br><br> Defendants. | No. 18-cv-01039 <br><br> Honorable Robert M. Dow, Jr. |

### DEFENDANT TWO ROADS SHARED TRUST'S AGREED
### MOTION TO REASSIGN AND CONSOLIDATE RELATED CASES

Pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42, Defendant Two Roads Shared Trust (the "Trust") moves to reassign *Bennett v. LJM Funds Management, Ltd.*, *et al.*, No. 18-cv-01312 (N.D. Ill.) and *Nosewicz v. LJM Funds Management, Ltd, et al.*, No. 18-cv-01589 (N.D. Ill.) (collectively, the "Related Cases") to this Court and to consolidate the Related Cases with this action. Counsel to Plaintiff Leonard Sokolow and counsel to other defendants who have appeared have consented to the Trust filing this as an Agreed Motion. The Trust states as follows in support of its Agreed Motion to Reassign and Consolidate the Related Cases:

### INTRODUCTION

1.  The Court should reassign and consolidate the Related Cases with this action. The Related Cases were filed shortly after Plaintiff Leonard Sokolow filed his complaint here and the cases satisfy the requirements for reassignment and consolidation set forth in Local Rule 40.4 and Federal Rule of Civil Procedure 42.

2.  Plaintiffs in the Related Cases and this case allege claims against the same defendants, present nearly identical questions of fact and law, and seek to represent a class of the

same persons for the same proposed class period. Plaintiffs in all three cases allege claims under Sections 11, 12 and 15 of the Securities Act of 1933 (the "Securities Act") premised on alleged misrepresentations in the Registration Statements and Prospectuses of LJM Preservation and Growth Fund (the "Fund") and seek recovery for the Fund's decrease in net asset value between February 2, 2018 and February 7, 2018. Furthermore, the plaintiffs in the three cases seek to represent the exact same putative class of individuals or entities who purchased or otherwise acquired shares of the Fund between February 28, 2015 and February 7, 2018. Reassigning the Related Cases to this Court and consolidating them with this action will conserve judicial resources and reduce the risk of inconsistent rulings in these virtually identical cases.

3. To maximize efficiency, the Trust also respectfully requests that the Court reschedule the initial status hearing set for March 28, 2018 at 9:00 A.M., and postpone any other pending deadlines until the Court rules on the issues of reassignment and consolidation.

## **BACKGROUND**

4. On February 9, 2018, Plaintiff Leonard Sokolow filed this putative class action against the Trust and other defendants asserting claims under Sections 11, 12 and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77L, 77o. *Sokolow* Compl., Dkt. No. 1 at ¶ 5. Plaintiff alleges that the value of Fund's stock fell from $9.82 on February 2, 2018 to $1.94 on February 7, 2018. *Id.* ¶ 29. Plaintiff seeks to represent a class of individuals and entities who allegedly purchased or otherwise acquired shares of the Fund between February 28, 2015 and February 7, 2018. *Id.* ¶ 1. The Court scheduled a status hearing for March 28, 2018 at 9:00 A.M. *Sokolow* Dkt. No. 9.

5. Shortly after the *Sokolow* plaintiff filed his complaint in this action, two other plaintiffs filed complaints in the Northern District of Illinois asserting the same three claims against the same set of defendants based on very similar allegations and seeking to represent the

same proposed class. The *Bennett* plaintiff filed his complaint on February 21, 2018 and the *Nosewicz* plaintiff filed his complaint on March 2, 2018. *See Bennett* Compl., Dkt. No. 1 (the *Bennett* Complaint is attached hereto as Ex. A); *Nosewicz* Compl., Dkt. No. 1 (the *Nosewicz* Complaint is attached hereto as Ex. B). Defendants have not yet filed responsive pleadings or motions. *See, e.g.*, *Sokolow* Dkt. Nos. 1-16; *Bennett* Dkt. Nos. 1-5; *Nosewicz* Dkt. Nos. 1-4.

6. The three cases are covered by the Private Securities Litigation Reform Act of 1995. *See, e.g.*, 15 U.S.C. § 78u-4(a). Thus, the Mandatory Initial Discovery Pilot Project will not apply. *See* Standing Order Regarding Mandatory Initial Discovery Pilot Project, at p. 1.

## ARGUMENT

### I. The Related Cases Qualify For Reassignment Pursuant To Local Rule 40.4

7. Local Rule 40.4 establishes that a case should be reassigned to the calendar of another judge if it is found to be "related" to a previously filed case. To qualify for reassignment, the cases must meet the requirements established in Local Rule 40.4 subparts (a) and (b). The present action and the Related Cases meet the requirements of both subparts and reassignment is appropriate.

#### A. The Cases Are "Related"

8. Pursuant to Local Rule 40.4(a), two or more civil cases are "related" if they satisfy one of the following four criteria: (1) the cases involve the same property; (2) the cases involve the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.

9. Here, the complaints establish that the cases are "related" under subparagraphs (2), (3) and (4). *See Pactiv Corp. v. Multisorb Tech., Inc.*, No. 10-cv-461, 2011 WL 686813, at *2-5

3

(N.D. Ill. Feb. 15, 2011) (reviewing the allegations presented in complaints to assess "relatedness").

10. Initially, the Related Cases involve the same issues of fact or law within the meaning of Local Rule 40.4(a)(2). If relatedness is premised on the second criterion, Local Rule 40.4(a)(2) sets a relatively low threshold and "does not require exact congruence in facts and issues between the two cases in order for them to be related; rather, it simply requires that the two cases share '*some of the same* issues of facts or law.'" *Helferich Patent Licensing, L.L.C. v. N.Y. Times Co.*, No. 10-cv-04387, 2012 WL 1368193, at *2 (N.D. Ill. Apr. 19, 2012) (emphasis in original). The virtually identical issues of fact and law presented in this case and the Related Cases greatly exceed the prevailing requirements for "relatedness."

11. The Related Cases involve common allegations against the same eleven defendants named in this case.[1] For instance, plaintiffs in all three actions allege that the Fund declined in value between February 2, 2018 and February 7, 2018. Furthermore, plaintiffs in all three actions allege that the Fund's Registration Statements and Prospectuses contained purported inaccuracies regarding the Fund's risk mitigation strategies and exposure to market volatility. *Compare Sokolow* Compl. ¶¶ 7-29, 21-29, *with Bennett* Compl. ¶¶ 13-25, 26-36, *and Nosewicz* Compl. ¶¶ 1-7, 11-25.

12. Plaintiffs in the Related Cases and in this case allege the same three claims arising under Sections 11, 12 and 15 of the Securities Act. *Sokolow* Compl. ¶ 5; *Bennett* Compl. ¶ 9;

---

[1] The *Nosewicz* plaintiff includes identical claims for violations of Sections 11, 12, and 15 of the Securities Act but he asserts the causes of action against a slightly different alignment of defendants. *See, e.g.*, *Nosewicz* Compl. at pp. 21, 22, 24. Plaintiffs could address any such variations in the grouping of defendants following reassignment and consolidation upon the filing of an amended and consolidated pleading.

4

*Nosewicz* Compl. ¶ 1. The relevant complaints show that the Related Case and this action present identical issues of fact and law as envisioned by Local Rule 40.4(a)(2).

13. The Related Cases and this action are also "related" pursuant to Local Rule 40.4(a)(3) because they grow out of the same "occurrence," namely the market movement and decline in the net asset value of the Fund from February 2, 2018 to February 7, 2018. *Sokolow* Compl. ¶ 4; *Bennett* Compl. ¶ 7; *Nosewicz* Compl. ¶ 5.

14. The Related Cases and this action are also "related" pursuant to Local Rule 40.4(a)(4) because all three plaintiffs assert putative class action claims and seek to represent the exact same class. Plaintiffs in the Related Cases and this action seek to represent an alleged class of individuals and entities who supposedly purchased shares of the Fund between February 28, 2015 and February 7, 2018. *Sokolow* Compl. ¶ 1; *Bennett* Compl. ¶ 1; *Nosewicz* Compl. ¶ 1.

    **B.    The Related Cases Satisfy The Conditions for Reassignment**

15. Once a court determines that cases are "related" under Local Rule 40.4(a), the later-filed actions may be reassigned if: (1) the cases are pending in this Court; (2) the handling of the cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier cases have not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the early case substantially; and (4) the cases are susceptible to disposition in a single proceeding. L.R. 40.4(b).

16. First, all three of the relevant cases are currently pending in the Northern District of Illinois and the cases satisfy the Local Rule 40.4(b)(1) requirement. *Sokolow* Dkt. No. 1; *Bennett* Dkt. No. 1; *Nosewicz* Dkt. No.1.

17. Second, due to the similarities between the legal and factual issues presented in this action and the Related Cases, reassignment of the Related Cases to this Court will conserve

considerable judicial resources because only one judge will be required to preside over the virtually identical actions. For instance, in resolving all three cases, one judge, as opposed to three, will confront identical legal and factual issues related to the statements allegedly presented in the Fund's Registration Statements and Prospectuses and the claims asserted under Sections 11, 12, and 15 of the Securities Act. At this early stage in the litigation, reassignment will also save judicial time and effort by avoiding potentially inconsistent rulings. The cases involve virtually identical questions of fact and law and allowing multiple cases to proceed along different tracks presents a severe risk of inconsistent judicial rulings on the same issues. *See, e.g.*, *Fairbanks Cap. Corp. v. Jenkins*, No. 02-cv-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (noting the Seventh Circuit's criticism for allowing multiple cases involving similar issues "to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals.").

18. Furthermore, if the Court does not dismiss these claims, reassignment will prevent duplicative judicial efforts in the discovery and class certification stages of the litigation. *See, e.g.*, *Murry v. Am. Mortg. Banc, Inc.*, No. 03-cv-5811, 2004 WL 4077010, at *2 (noting that reassignment is appropriate when "[i]n both cases the plaintiffs will be filing motions for [c]lass [c]ertification that will likely involve substantially identical briefs and issues."). Thus, these cases satisfy the requirements of Local Rule 40.4(b)(2) because substantial judicial resources will be saved if this Court reassigns the Related Cases.

19. Third, reassigning the Related Cases to this Court will not delay the proceedings in the present action. Activity in the present case and the Related Cases has only involved preliminary matters, such as the filing of appearances and other procedural documents, service related docket entries and initial scheduling orders. *See, e.g.*, *Sokolow* Dkt. Nos. 1-16; *Bennett*

6

Dkt. Nos. 1-5; *Nosewicz* Dkt. Nos.1-4. Additionally, the April 10, 2018 deadline to file a motion to serve as Lead Plaintiff has not yet passed in this case. *See* 15 U.S.C. § 78u-4(a)(3). Here, as other courts have recognized, "[t]here is no danger of substantial delay as the cases were filed around the same time and are … at the early stages of litigation." *Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 11-cv-2440, 2011 WL 4007731, at *3 (N.D. Ill. Sept. 9, 2011). The three relevant cases satisfy the requirements of Local Rule 40.4(b)(3).

20. Fourth, the three cases at issue satisfy the final condition for reassignment because all three actions are susceptible to disposition in a single proceeding. Local Rule 40.4(b)(4) is satisfied when the issues of law and fact are the same in the relevant cases. *Pactiv*, 2011 WL 686813, at *5; *21 SRL v. Enable Holdings, Inc.*, No. 09-cv-3667, 2009 WL 4884177, at *3 (N.D. Ill. Dec 9, 2009). "[T]he rule does not require the cases to be completely identical." *Pactiv*, 2011 WL 686813, at *5. "Rather, the issue is whether [the] actions involve fundamentally similar claims and defense that will likely be amenable to dispositive treatment in unified proceedings." *Id.* As discussed above, the present action and the Related Cases satisfy this standard because all involve legal and factual questions under Sections 11, 12, and 15 of the Securities Act. *See Sokolow* Compl. ¶¶ 1-45, 21-29; *Bennett* Compl. ¶¶ 9, 26-36; *Nosewicz* Compl. ¶¶ 1-7.

21. Local Rule 40.4(c) suggests that litigants should generally wait to file motions for reassignment until parties file responsive pleadings in each of the actions involved. The rationale for this suggestion is to ensure that each party has the opportunity to address the issue of reassignment. L.R. 40.4(c). However, such a delay is not necessary in the present cases. The Trust will endeavor to provide notice and a copy of this Motion to all parties in the three cases, which will provide the parties with an opportunity to respond to this Motion. Moreover, the Trust

7

respectfully submits that earlier reassignment will eliminate the need for other judges to proceed with initial status hearings scheduled for next month.

## II.     The Related Cases Should Be Consolidated With This Action

22.     Following reassignment, the Court should consolidate the Related Cases with this action pursuant to Federal Rule of Civil Procedure 42(a) because all three cases involve common questions of law and fact.  *Pochert*, 2011 WL 4007731, at *3 (citing *Star Ins. Co. v. Risk Mktg. Grp., Inc.*, 561 F.3d 656, 660 (7th Cir. 2009)) ("A district court may consolidate actions involving common questions of law or fact pursuant to Rule 42(a)."). "When there is no undue prejudice to any party, consolidation should be allowed if it will promote judicial efficiency and there is a risk of inconsistent rulings." *Id.*; *Pactiv*, 2011 WL 686813, at *1.  Furthermore, the Seventh Circuit has emphasized that "related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap." *Id.* (citing *Blair v. Equifax Check Servs.*, 181 F.3d, 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.")).

23.     Here, as discussed in detail above, all three cases involve the same core legal and factual questions under Sections 11, 12, and 15 of the Securities Act. Additionally, all three cases present allegations related to the Fund's decrease in value from February 2, 2018 and February 7, 2018 and the three plaintiffs seek to represent the exact same putative class. *Sokolow* Compl. ¶¶ 1-45, 21-29; *Bennett* Compl. ¶¶ 9, 26-36; *Nosewicz* Compl. ¶¶ 1-7.  No party will suffer prejudice from consolidation because no substantive litigation has transpired in the three cases and the April 10, 2018 deadline to seek appointment as Lead Plaintiff has not yet expired.  *See, e.g.*, *Sokolow* Dkt. Nos. 1-16; *Bennett* Dkt. Nos. 1-5; *Nosewicz* Dkt. Nos.1-4; *see also* 15 U.S.C. § 78u-4(a)(3).

8

Consolidation will also conserve judicial resources and safeguard against inconsistent rulings because only one judge will be required to preside over these virtually identical actions.

24. Finally, the Trust respectfully requests that the Court reschedule the initial status hearing set for March 28, 2018 at 9:00 A.M., and postpone any other pending deadlines until the Court rules on the issues of reassignment and consolidation. *See Sokolow*, Dkt. Nos. 9, 11-13.

25. Counsel for Plaintiff Leonard Sokolow has consented to the Trust filing this Motion as an Agreed Motion. Counsel for other defendants who have appeared (Defendants LJM Funds Management, Ltd., Anish Parvataneni and Anthony Caine) have also given such consent to the Trust. Additionally, the independent trustees of the Trust (Defendants Mark Gertsen, Mark Garbin, Neil Kaufman and Anita Krug) have also provided consent for this Motion.

WHEREFORE, for the foregoing reasons, Defendant Two Roads Shared Trust respectfully requests that this Court enter an order:

A. Reassigning the related *Bennett v. LJM Funds Management, Ltd., et al.* No. 18-cv-01312 (N.D. Ill.) and *Nosewicz v. LJM Funds Management, Ltd, et al.*, No. 18-cv-01589 (N.D. Ill.) cases to this Court;

B. Consolidating the *Bennett v. LJM Funds Management, Ltd., et al.* No. 18-cv-01312 (N.D. Ill.) and *Nosewicz v. LJM Funds Management, Ltd, et al.*, No. 18-cv-01589 (N.D. Ill.) cases with this action;

C. Striking all responsive pleading deadlines pending the resolution of this Motion;

D. Striking the initial status hearing set for March 28, 2018 at 9:00 A.M., and any other pending deadlines until the Court rules on this Motion; and

E. Granting any other relief the Court deems appropriate.

Dated: March 22, 2018

Respectfully submitted,

By: <u>Daniel J. Delaney</u>

Bradley J. Andreozzi
Daniel J. Delaney
Matthew M. Morrissey
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000
Email: bradley.andreozzi@dbr.com
Email: daniel.delaney@dbr.com
Email: matthew.morrissey@dbr.com

*Counsel for Defendant Two Roads Shared Trust*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 22, 2018, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: /s/ Daniel J. Delaney