# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD SOKOLOW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LJM FUNDS MANAGEMENT, LTD., TWO ROADS SHARED TRUST, NORTHERN LIGHTS DISTRIBUTORS, LLC, ANDREW ROGERS, MARK GERTSEN, MARK GARBIN, NEIL KAUFMAN, ANITA KRUG, JAMES COLANTINO, ANISH PARVATANENI, and ANTHONY CAINE,<br><br>Defendants. | Case No. 1:18-cv-01039<br><br>Judge Robert M. Dow, Jr. |
| STANLEY BENNETT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LJM FUNDS MANAGEMENT, LTD., TWO ROADS SHARED TRUST, NORTHERN LIGHTS DISTRIBUTORS, LLC, ANDREW ROGERS, MARK GERTSEN, MARK GARBIN, NEIL KAUFMAN, ANITA KRUG, JAMES COLANTINO, ANISH PARVATANENI, and ANTHONY CAINE,<br><br>Defendants. | Case No. 1:18-cv-01312<br><br>Judge Andrea R. Wood |

*(Caption continued on the following page)*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
LYNDA GODKIN FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS
<u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

| | |
|---|---|
| JAMES NOSEWICZ, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>  vs.<br><br>LJM FUNDS MANAGEMENT, LTD., TWO ROADS SHARED TRUST, NORTHERN LIGHTS DISTRIBUTORS, LLC, ANDREW ROGERS, MARK GERTSEN, MARK GARBIN, NEIL KAUFMAN, ANITA KRUG, JAMES COLANTINO, ANISH PARVATANENI, and ANTHONY CAINE,<br><br>                     Defendants. | Case No. 1:18-cv-01589<br><br>Judge Robert W. Gettleman |

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Carol V. Gilden
Bar No. 06185530
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

*Counsel for Lynda Godkin and*
*Proposed Liaison Counsel for the Class*

**MOTLEY RICE LLC**
Gregg S. Levin
James M. Hughes
Joshua C. Littlejohn
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
Email: glevin@motleyrice.com
        jhughes@motleyrice.com
        jlittlejohn@motleyrice.com

*Counsel for Lynda Godkin and*
*Proposed Lead Counsel for the Class*

Dated: April 10, 2018

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 2

III. ARGUMENT ....................................................................................................................... 3

    A. The Related Actions Should Be Consolidated ........................................................ 3

    B. Lynda Godkin Should Be Appointed Lead Plaintiff ............................................... 4

        1. This Motion Is Timely ................................................................................. 4

        2. Lynda Godkin Believes She Has the Largest Financial Interest of Any Known Movant .................................................................................... 5

        3. Lynda Godkin Satisfies the Requirements of Rule 23 at This Stage ............... 5

    C. The Court Should Approve Lynda Godkin's Selection of Counsel ......................... 6

IV. CONCLUSION .................................................................................................................... 8

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amchem Products v. Windsor*,
   521 U.S. 591 (1997) .................................................................................................................. 5

*Bang v. Acura Pharmaceuticals, Inc.*,
   2011 WL 91099 (N.D. Ill. Jan. 11, 2011) ................................................................................. 6

*Bennett v. Sprint Nextel Corp.*,
   No. 2:09-cv-02122-EFM-KMH, ECF No. 23 (D. Kan. June 5, 2009) ....................................... 7

*In re Barrick Gold Securities Litigation*,
   No. 1:13-cv-03851-RPP, ECF No. 26 (S.D.N.Y. Aug. 9, 2013) ................................................ 7

*In re Biogen, Inc.*,
   Case No. 16-12101-FDS, ECF No. 52 (D. Mass. Feb. 1, 2017) ................................................ 7

*In re Cendant Corp. Litigation*
   264 F.3d 201 (3rd Cir. 2001) ................................................................................................ 5, 6

**Statutes**

15 U.S.C. § 77z-1(a)(1) .................................................................................................................. 4

15 U.S.C. § 77z-1(a)(3)(A)(i) ..................................................................................................... 4, 5

15 U.S.C. § 77z-1(a)(3)(B)(i) ................................................................................................. passim

**I.      INTRODUCTION**

Lynda Godkin respectfully submits this opening brief in support of her motion, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order:  (i) consolidating the above-captioned actions,[1] (ii) appointing Lynda Godkin as Lead Plaintiff; (iii) approving Lead Plaintiff's selection of Motley Rice LLC ("Motley Rice") as Lead Counsel for the class and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the class; and (iv) granting such further relief as the Court may deem just and proper.

The above-captioned actions (the "Related Actions") arise from alleged violations of the Securities Act of 1933 (the "Securities Act") by LJM Funds Management, Ltd. ("LJM"), Two Roads Shared Trust, Northern Lights Distributors, LLC, and several individual defendants (collectively, "Defendants").  As alleged in the complaints currently on file, Defendants caused the price of LJM Preservation and Growth Fund (the "Preservation Fund" or "Fund") shares traded on public markets to be artificially inflated by making false and/or misleading statements related to the Fund, and/or failing to disclose that the Fund was not focused on capital preservation, did not take appropriate steps to preserve capital in down markets, and left investors exposed to an unacceptably high risk of catastrophic losses.  The complaints further allege that when the fraud was revealed to the investing public, the market value of the Fund's shares declined precipitously, damaging class members.

The PSLRA directs courts to appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal

---

[1] Defendant Two Roads Shared Trust, with the consent of Plaintiff Leonard Sokolow and the other defendants who have appeared in the above-captioned *Sokolow* Action, has filed an Agreed Motion to Reassign and Consolidate Related Cases, pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42.  Dkt. 27.  Subject to and pending the reassignment of the actions under Local Rule 40.4, Movant also seeks consolidation of the above-captioned actions.

Rules of Civil Procedure ("Rule 23") at this stage in the litigation, referred to as the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA creates a presumption that the most adequate plaintiff is the investor that timely demonstrates it has "the largest financial interest in the relief sought by the class" and "otherwise satisf[ies] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Ms. Godkin respectfully submits that she is the most adequate plaintiff and requests that the Court consolidate the Related Actions, appoint her lead plaintiff, and otherwise grant her motion. As evidenced by the certification and loss chart submitted herewith, Ms. Godkin timely submitted a motion showing that she suffered losses of approximately $188,000 related to her purchases of LJM securities at allegedly inflated prices between February 28, 2015, and February 7, 2018 (the "Class Period"). *See* Decl. of Carol V. Gilden ("Gilden Decl."), Exs. A, B. Ms. Godkin also is adequate to serve as lead plaintiff, having reviewed the complaints in the Related Actions and committed herself to protect the interests of the putative class and oversee counsel.

## II.   STATEMENT OF FACTS

The Related Actions are brought on behalf of all persons who purchased shares of the Preservation Fund during the Class Period, and seek remedies under Sections 11, 12, and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l, and 77o. The Preservation Fund raised hundreds of millions of dollars from investors with shares offered pursuant to Registration Statements and Prospectuses. As alleged in the complaints on file in the Related Actions, these offering materials promoted the Preservation Fund as a low-risk and trend-neutral investment, with factually inaccurate statements claiming, for example, that the Fund's "Investment Objective" was to "seek[] capital appreciation and capital preservation with low correlation to the broader U.S. equity market," and that the Fund employed "various risk mitigation techniques . . . in order to generate returns regardless of market direction." These and similar statements in the Fund's Registration Statements and Prospectuses

allegedly were materially false and misleading because, rather than seeking capital preservation in a down market, the Fund actually made massive and unmitigated bets that exposed investors to excessive risks and catastrophic losses of capital.

The complaints in the Related Actions allege that the truth began to emerge on Monday, February 5, 2018, when the S&P fell approximately 4.6%. On that day, the net asset value ("NAV") of Fund shares fell from $9.67 to $4.27. The NAV of those shares fell again the next day to $1.91. Aggravating the massive and unexpected decline, the Fund did not post its NAV on Monday, February 5, 2018, leaving investors in the dark as to the initial decline and unable to exit the Fund to mitigate their losses. On Friday, February 9, 2018, LJM informed the Fund's shareholders that a spike in market volatility caused the Fund to liquidate its open positions and suffer massive losses of capital.

As a result of Defendants' false and/or misleading statements and omissions and the precipitous decline in the market value of the Fund's securities, Ms. Godkin and others who purchased shares of the Preservation Fund on the open market during the Class Period suffered losses.

### III.    ARGUMENT

#### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii). Consolidation is appropriate where the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Here, the Related Actions assert virtually identical claims under Sections 11, 12, and 15 of the Securities Act against the same Defendants, rely on similar facts, and assert identical class periods. Accordingly, the

Court should consolidate the Related Actions for all purposes because doing so would preserve judicial resources and promote efficient prosecution of the litigation.

### B. Lynda Godkin Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 77z-1(a)(3)(A)(i). This notice must advise class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. *Id*. Here, adequate notice was published on February 9, 2018, on *Business Wire. See* Gilden Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the investor that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). As demonstrated below, Lynda Godkin meets each of these requirements and should therefore be appointed Lead Plaintiff.

#### 1. This Motion Is Timely

The February 9, 2018 notice informed class members that the PSLRA's 60-day deadline to move for appointment as lead plaintiff was to expire on April 10, 2018 – sixty days from the

4

date on which the notice was published. *See* Gilden Decl., Ex. C; 15 U.S.C. § 77z-1(a)(3)(A). Ms. Godkin has submitted today a sworn certification confirming her willingness and ability to serve as lead plaintiff. *See* Gilden Decl., Ex. A. Thus, Ms. Godkin has complied with the PSLRA's procedural requirements and is entitled to be considered for appointment as lead plaintiff.

### 2. Lynda Godkin Believes She Has the Largest Financial Interest of Any Known Movant

As of the time of the filing of this motion, Ms. Godkin believes that she has the largest financial interest of any lead plaintiff movant. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). The claims in the Related Actions are made on behalf of purchasers of Preservation Fund shares during the Class Period who were injured because the price of those shares was inflated as a result of Defendants' alleged fraud and declined when the truth was revealed to the market. Lynda Godkin purchased 20,199 LJM Preservation and Growth I shares during the Class Period, and thereby sustained damages of approximately $188,000. *See* Loss Chart, Gilden Decl., Ex. B.

### 3. Lynda Godkin Satisfies the Requirements of Rule 23 at This Stage

In addition to possessing the largest financial interest in the outcome of the litigation, to benefit from a presumption that it is the most adequate plaintiff, a movant must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Courts in this District have held that "[t]he initial Rule 23 analysis focuses on 'whether the movant has made a *prima facie* showing of typicality and adequacy'" and that the court's inquiry "'need not be extensive.'" *Bang v. Acura Pharm., Inc.*, No. 10 C 5757, 2011 WL 91099, at *3 (N.D. Ill. Jan. 11, 2011) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)).

The adequacy and typicality requirements "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim

and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem Prods. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (citation omitted). Typicality exists when the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Cendant*, 264 F.3d at 264-65. In determining whether the movant satisfies the adequacy requirement, courts consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Id.* (citation omitted).

Ms. Godkin satisfies the typicality requirements of Rule 23 because her claim and the claims of other class members arise out of the same series of events, including Defendants' alleged misstatements and omissions about the Preservation Fund's capital preservation and risk mitigation strategies, and involve similar questions of law, including Defendants' liability under the Securities Act. Like all class members, Ms. Godkin purchased LJM securities at allegedly inflated prices, suffered financial losses as a result, and seeks to recover damages.

Ms. Godkin satisfies the adequacy requirement of Rule 23 because she is incentivized by her significant financial loss to vigorously prosecute the claims of the class, and she is not aware of any conflicts between her claims and those asserted by the class. *See Bang v. Acura Pharm., Inc.*, 2011 WL 91099, at *4. In addition, as discussed in the next section, Ms. Godkin has selected qualified counsel experienced in securities litigation to represent the class. Accordingly, Ms. Godkin respectfully requests that she be appointed Lead Plaintiff in the Related Actions.

### C. The Court Should Approve Lynda Godkin's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). This Court should not disturb the lead

6

plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Ms. Godkin has selected Motley Rice as Lead Counsel for the class and Cohen Milstein as Liaison Counsel for the class. Motley Rice has represented allegedly defrauded investors as lead counsel in numerous securities class actions, and has a demonstrated history of success. *See In re Biogen, Inc.*, Case No. 16-12101-FDS, ECF No. 52 (D. Mass. Feb. 1, 2017) (approving lead plaintiff's choice of Motley Rice as lead counsel for the class and noting that "the firm has successfully handled a number of shareholder and securities class actions"). Motley Rice's experience in the prosecution of securities class actions is derived from, among other things, its service as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, ECF No. 23 (D. Kan. June 5, 2009). On August 12, 2015, the *Sprint* court approved a settlement of $131 million for the class. Motley Rice also has served as sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP, ECF No. 26 (S.D.N.Y. Aug. 9, 2013). The court in that case approved a settlement of $140 million for the class on December 2, 2016. *See* Motley Rice Firm Resume, Gilden Decl., Ex. D. Similarly, Cohen Milstein has significant experience in securities litigation and class actions, having served as lead counsel and liaison counsel in numerous federal securities cases. *See* Cohen Milstein Firm Resume, Gilden Decl., Ex. E.

As a result of each firm's extensive experience in litigation involving issues similar to those raised in this action, Ms. Godkin's counsel have the skill and knowledge necessary to prosecute this action effectively and expeditiously. The Court may be assured that by approving Ms. Godkin's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the highest caliber of legal representation.

## IV. CONCLUSION

Based on the foregoing, Lynda Godkin respectfully requests that the Court consolidate the Related Actions, appoint her Lead Plaintiff, approve her selection of counsel, and grant such other relief as the Court may deem just and proper.

Dated: April 10, 2018

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/s/ Carol V. Gilden*
Carol V. Gilden (Bar No. 06185530)
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
Email: cgilden@cohenmilstein.com

*Counsel for Proposed Lead Plaintiff Lynda Godkin and Proposed Liaison Counsel for the Class*

**MOTLEY RICE LLC**
Gregg S. Levin
James M. Hughes
Joshua C. Littlejohn
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
Email: glevin@motleyrice.com
  jhughes@motleyrice.com
  jlittlejohn@motleyrice.com

*Counsel for Proposed Lead Plaintiff Lynda Godkin and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

  I, Carol V. Gilden, counsel for Lynda Godkin and Proposed Lead Counsel for the Class, certify that on this 10th day of April, 2018, I electronically filed the foregoing using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


               */s/ Carol V. Gilden*
               Carol V. Gilden