**Exhibit C**

**JOINT DECLARATION OF MICHAEL C. PROVINE AND MICHAEL P. RIORDAN IN SUPPORT OF THE MOTION OF THE INVESTMENT ADVISOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, Michael C. Provine and Michael P. Riordan, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the Motion of Tradition Capital Management LLC ("Tradition") and SRS Capital Advisors, Inc. ("SRS") (together, the "Investment Advisor Group") for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.  We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the institution or institutions with which we are associated.

2.      I, Michael C. Provine, serve as a Member and Chief Compliance Officer of Tradition and I am authorized to make this Joint Declaration on its behalf.  Tradition serves as a Registered Investment Adviser under the Federal Investment Advisers Act and provides portfolio management and related investment planning services.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Tradition has received assignment of claims from private Tradition clients transferring all rights and title to prosecute all causes of action relating to transactions in LJM Preservation and Growth Fund ("LJM") securities.  Tradition understands that this case is governed by the PSLRA, and accepts the fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff.

3.      I, Michael P. Riordan, serve as Managing Director of SRS and I am authorized to make this Joint Declaration on its behalf.  SRS serves as a Registered Investment Adviser under the Federal Investment Advisers Act and provides portfolio management and related investment planning services.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, SRS has received assignment of claims from private SRS clients transferring all rights

and title to prosecute all causes of action relating to transactions in LJM securities. SRS understands that this case is governed by the PSLRA, and accepts the fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff.

4. Tradition and SRS are peer investment advisory firms in the financial services industry and have collaborated on major trends in the capital markets for many years, including our investments in LJM securities during the period subject to this litigation. Based on this prior relationship and common investment exposure to the alleged misconduct in this litigation, representatives from Tradition and SRS have had several discussions to determine the optimal course of action to recover our LJM investment losses.

5. After reviewing the merits of the claims alleged against defendants and consulting with counsel, Labaton Sucharow LLP ("Labaton Sucharow"), we independently decided to join together to file a joint motion for appointment as lead plaintiff under the PSLRA.

6. We are strongly motivated to recover the significant losses incurred as a result of defendants' alleged violations of the federal securities laws. Our primary goal in seeking appointment as lead plaintiff is to ensure that this litigation is efficiently litigated by well-qualified counsel in order to achieve the best possible recovery for all class members from all potentially culpable parties.

7. We each understand that the PSLRA and courts permit small, cohesive groups of investors to serve as lead plaintiff that function separate and apart from their lawyers and that are able to direct the litigation in the best interests of the class. We intend to prosecute the litigation in a collaborative and cohesive manner that is independent from counsel. Because we have incurred significant losses as a result of the alleged misconduct and share the common goal of

ensuring that this action is prosecuted diligently, we believe that our joint prosecution of this litigation will benefit the class.

8.    In order to formalize our joint leadership of this action, on April 4, 2018, we participated in a joint conference call, during which we discussed various aspects of the actions pending against LJM, including: the allegations in the litigation and the merits of the claims against defendants; our counsel's proprietary investigative efforts into the alleged misconduct; the PSLRA's lead plaintiff appointment process and our obligations in connection therewith; the benefits of working together jointly to prosecute the litigation in a collaborative and cohesive manner; the advantages of having an experienced law firm such as Labaton Sucharow serve as lead counsel; and procedures and mechanisms for communication and decision-making that will ensure that the proposed class will benefit from our supervision of counsel. In particular, we discussed our shared views that the prosecution of this case should be entrusted to parties that are sophisticated, that have substantial resources, and that have a significant financial interest in the claims asserted to ensure that this action is litigated as zealously and efficiently as possible.

9.    During that call, we agreed that, in order to ensure that the litigation is prosecuted in the best interests of the class, we will exercise joint decision-making and work together in this litigation to actively monitor the activities of counsel. In particular, and in order to fulfill our obligation to supervise counsel and ensure the effective prosecution of this action, we have established procedures for overseeing the progress of the litigation and communicating both separate and apart from counsel and with counsel as needed. Such procedures include our agreement to review and discuss case filings and other developments with our counsel through joint conference calls, as well as other measures that will ensure the work counsel performs is in the best interests of the class. We also implemented communication procedures to enable us to

3

confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions.

10.     The Investment Advisor Group also understands that it is the lead plaintiff's obligation under the PSLRA to select qualified lead counsel and to supervise lead counsel's prosecution of the case to ensure that the action is prosecuted without unreasonable expense or cost.

11.     We have directed counsel to advise us of all developments during the lead plaintiff motion process as well as to provide us with updates regarding counsel's ongoing investigation. We will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the proposed class by, among other things, reviewing pleadings, holding joint calls with counsel as needed and conferring amongst ourselves without counsel when necessary. Further, we have also instructed counsel, at the very least, to provide us with quarterly updates on the progress of the litigation and have instructed counsel to provide updates as frequently as necessary. We have communicated our directive that this action be prosecuted efficiently and in a cost-effective manner and are confident that our counsel understands our mandate.

12.     The Investment Advisor Group is aware that Labaton Sucharow is an accomplished law firm that has a history of achieving impressive settlements and corporate governance reforms with defendants. We fully believe that Labaton Sucharow will prosecute this litigation in a zealous and efficient manner as lead counsel under our supervision, to the benefit of the class.

13.     The Investment Advisor Group is committed to satisfying the fiduciary obligations that we will assume if appointed lead plaintiff, including by conferring with counsel

4

regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure and hereby reaffirm that the securities class action against defendants will be vigorously prosecuted consistent with the lead plaintiff's obligations under the PSLRA and in the best interests of the class.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Tradition are true to the best of my knowledge. Executed this 7th day of April, 2018.


Michael C. Provine
*Member and Chief Compliance Officer*
*Tradition Capital Management LLC*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to SRS are true to the best of my knowledge. Executed this 9th day of April, 2018.


Michael P. Riordan
*Managing Director*
*SRS Capital Advisors, Inc.*