**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINIOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LEONARD SOKOLOW, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LJM FUNDS MANAGEMENT, LTD., TWO ROADS SHARED TRUST, NORTHERN LIGHTS DISTRIBUTORS, LLC, ANDREW ROGERS, MARK GERTSEN, MARK GARBIN, NEIL KAUFMAN, ANITA KRUG, JAMES COLANTINO, ANISH PARVATANENI, and ANTHONY CAINE,<br><br>Defendants. | Civil No. 1:18-cv-01039 |

**LJM FUND INVESTOR GROUP'S MEMORANDUM OF LAW IN**
**OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead Plaintiff movants MWH Investments, LLC, Personal CFO Solutions, LLC, John W. Kapouch, and James Frugé (collectively, "LJM Fund Investor Group" or "Movant"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the competing motions for appointment as lead plaintiff and approval of selection of lead counsel filed by: (1) Paragon National, LP ("Paragon") (ECF No. 47); (2) Lynda Godkin ("Godkin") (ECF No. 52); (3) High Country Capital Management ("High Country") (ECF No. 57); (4) Tradition Capital Management LLC and SRS Capital Advisors, Inc. (the "Investment Advisor Group") (ECF No. 61); (5) Donn Glander, Charles Irvine, Gustav Swanson, and Pell, LLC (the "Glander Group") (ECF No. 67); and (6) Larry Cohen, Marilyn Cohen, Jenny Kaufman, Justin Kaufman, and Joseph N. Wilson (the "Kaufman-Cohen Group") (ECF No. 71).[1] This memorandum of law in opposition is filed concurrently with the supporting Declaration of Thomas L. Laughlin, IV ("Laughlin Opp. Decl.") and exhibit attached thereto.

## SUMMARY OF ARGUMENT

Presently before the Court are seven competing motions for appointment as lead plaintiff and approval of lead counsel. As demonstrated in its opening motion papers, LJM Fund Investor Group, represented by Scott+Scott Attorneys at Law LLP ("Scott+Scott"), should be appointed as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as amended, 15 U.S.C. §77z-1(a)(3), because it has the largest financial interest in this case of any movant and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* ECF No. 75.

---

[1] Movant's motion (ECF No. 75) also requested consolidation of three related actions. After the filing of Movant's motion, the Court entered an order on April 11, 2018 consolidating the cases as per an agreed motion to reassign and consolidate related cases filed by Defendant Two Roads Shared Trust on March 22, 2018. *See* ECF Nos. 78 and 27, respectively. Thus, Movant withdraws as moot its request for consolidation.

1

The PSLRA mandates that the Court appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant made a *prima facie* showing that it is an adequate class representative under Rule 23. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *see, e.g.*, *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 WL 1339678, at *4 (N.D. Ill. Apr. 18, 2012). LJM Fund Investor Group has a loss of approximately **$8.27 million**, which is approximately $1.35 million larger than the next largest loss. LJM Fund Investor Group also satisfies Rule 23. Accordingly, LJM Fund Investor Group should be appointed lead plaintiff, its chosen counsel should be appointed lead and liaison counsel, and the competing motions should be denied.

## ARGUMENT

### A. LJM Fund Investor Group Is the Presumptive Lead Plaintiff Because It Has the Largest Loss

Under the PSLRA, the Court must select as lead plaintiff the movant with the largest financial interest as long as that movant is otherwise adequate and typical within the meaning of Rule 23. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb)-(cc). To determine financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *see also Sterling Heights*, 2012 WL 1339678, at *4. In this case, as reflected in the chart below, LJM Fund Investor Group, with approximate losses of over $8.27 million, has the largest financial interest. All other movants have losses well below those of LJM Fund Investor Group. Even the movant with the second-largest loss, the Investment Advisor Group, suffered $1.35 million less in losses than LJM Fund Investor Group:

| Movant | Losses[2] |
|---|---|
| **LJM Fund Investor Group**[3] | **8,270,160** |
| Investment Advisor Group | 6,923,382 |
| Kaufman-Cohen Group | 1,700,285 |
| High Country | 1,644,181 |
| Paragon | 825,473 |
| Glander Group | 552,372 |
| Godkin | 188,353 |

Moreover, LJM Fund Investor Group also has the largest financial interest as measured by the other three factors that courts sometimes look to: (1) "the number of shares purchased" during the class period; (2) "the number of net shares purchased" during the class period; and (3) "the total net funds expended" during the class period. *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug.11, 1997); *see, e.g.*, *Sterling Heights*, 2012 WL 1339678, at *4. The following chart compares these three factors for LJM Fund Investor Group and the movant with the second largest loss, the Investment Advisor Group:

| Movant | Total Class Period ("CP") Shares Purchased | Net CP Shares Purchased | Net CP Funds Expended |
|---|---|---|---|
| **LJM Fund Investment Group** | **1,241,792** | **1,068,987** | **10,389,506** |
| Investment Advisor Group[4] | 842,821 | 17,367 | 6,953,854 |

Accordingly, LJM Fund Investor Group is the presumptive lead plaintiff.

---

[2] Losses are rounded to the nearest whole number.

[3] The loss chart of LJM Fund Investor Group, showing all relevant transactions and loss totals for each member, is annexed to the Laughlin Opp. Decl. as Exhibit A.

[4] The Total CP Shares Purchased and Net CP Funds Expended figures for the Investment Advisor Group were taken from the Investment Advisor Group's loss chart. *See* ECF No. 63-2 at 36. The Net CP Shares Purchased figure for the Investment Advisor Group was calculated from the data in the Investment Advisor Group's loss chart. *Id.*

3

### B. LJM Fund Investor Group Is Otherwise Adequate and Typical

The presumption that the movant with the largest financial interest be appointed lead plaintiff "may be rebutted if there is proof that the presumptively most adequate lead plaintiff either will not fairly and adequately protect the class's interests or is subject to some unique defense that renders the lead plaintiff incapable of adequately representing the class." *Takara*, 229 F.R.D. at 579; *see also* 15 U.S.C. §77z-1(a)(3)(B)(iii)(II). Thus, because LJM Fund Investor Group has the largest financial interest in this case, it must be appointed as Lead Plaintiff unless the Court is presented with ***proof*** (*i.e.*, evidence) showing that it is not adequate or typical. Here, no such proof or evidence exists.

Rather, LJM Fund Investor Group is typical of the putative class in that, like all members of the putative class, it purchased shares of the LJM Preservation and Growth Fund during the class period, has claims that arise from the same misleading registration statement and suffered economic injuries. *See Bang v. Acura Pharms., Inc.*, No. 10 C 5757, 2011 WL 91099, at *4 (N.D. Ill. Jan. 11, 2011).

Further, "[a] lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Sterling Heights*, 2012 WL 1339678, at *9; *see also In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012). LJM Fund Investor Group meets all of these requirements. Neither the interests of LJM Fund Investor Group nor its individual members are antagonistic to the other members of the putative class or to each other. LJM Fund Investor Group has also demonstrated that it is an adequate representative in this matter by retaining competent and experienced counsel, Scott+Scott and Freed Kanner London & Millen LLC ("Freed Kanner").

4

*See* ECF Nos. 76-11 and 76-12. Finally, LJM Fund Investment Group submitted evidence demonstrating its cohesion and commitment to effectively representing the interests of the Class, which is additional evidence of its adequacy and typicality. *See* ECF No. 76-10; *see also Sterling Heights*, 2012 WL 1339678, at *8 (appointing an investor group that submitted a similar declaration that "established that they intend to work together cooperatively and cohesively in this litigation").

## CONCLUSION

For all of the foregoing reasons, and those set forth in its opening motion papers, LJM Fund Investor Group respectfully requests that the Court appoint LJM Fund Investor Group as Lead Plaintiff and approve LJM Fund Investor Group's selection of Scott+Scott as Lead Counsel and Freed Kanner as Liaison Counsel.

DATED: April 24, 2018

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

 */s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (*pro hac vice*)
Rhiana L. Swartz (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Proposed Lead Counsel for Lead Plaintiff Movant LJM Fund Investor Group*

Michael J. Freed
William H. London
Brian M. Hogan
**FREED KANNER LONDON &**
**MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015

Telephone: (224) 632-4500
Facsimile: (224) 632-4521
mfreed@fklmlaw.com
blondon@fklmlaw.com
bhogan@fklmlaw.com

*Proposed Liaison Counsel for Lead Plaintiff Movant LJM Fund Investor Group*

Michael E. Criden (*pro hac vice*)
Lindsey C. Grossman (*pro hac vice*)
**CRIDEN & LOVE, P.A.**
7301 SW 57th Court, Suite 515
South Miami, FL 33143
Telephone: (305) 357-9000
Facsimile: (305) 357-9050
mcriden@cridenlove.com
lgrossman@cridenlove.com

*Additional Counsel for Lead Plaintiff Movant LJM Fund Investor Group*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                               */s/ Thomas L. Laughlin, IV*
                                               Thomas L. Laughlin, IV (*pro hac vice*)