UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| LEONARD SOKOLOW, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LJM FUNDS MANAGEMENT, LTD., et al., )<br>)<br>Defendants. )<br>) | No. 1:18-cv-01039<br><br>CLASS ACTION<br><br>Judge Robert M. Dow Jr. |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION
SETTLEMENT

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    BACKGROUND ..................................................................................................2

    A.     Procedural History ...................................................................................2

    B.     The Parties' Arm's-Length and Informed Negotiations .........................3

    C.     The Terms of the Settlement....................................................................4

III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............5

    A.     The Settlement Satisfies the Standards for Approval ..............................5

         1.     Lead Plaintiffs and Lead Counsel Have Adequately Represented the Settlement Class..................................................................6

         2.     The Proposed Settlement Is the Result of Good Faith Arm's-Length Negotiations.........................................................................7

         3.     The Proposed Settlement is Adequate in Light of the Costs and Risks of Continued Litigation and Defendants' Ability to Pay ..................7

         4.     The Proposed Settlement Satisfies the Remaining Rule 23(e)(2) Factors...................................................................................9

    B.     The Settlement Class Satisfies the Standards for Class Certification...................10

         1.     Rule 23(a)(1) – Numerosity...................................................10

         2.     Rule 23(a)(2) – Commonality.................................................11

         3.     Rule 23(a)(3) – Typicality .....................................................11

         4.     Rule 23(a)(4) – Adequacy of Representation ...........................12

         5.     Rule 23(b)(3) – Predominance and Superiority.........................12

IV.    THE PROPOSED NOTICE PROGRAM IS APPROPRIATE .........................................13

V.    PROPOSED SCHEDULE OF EVENTS.........................................................................15

VI.    CONCLUSION...........................................................................................................15

# TABLE OF AUTHORITIES

Page

## CASES

*Abrams v. Van Kampen Funds, Inc.*,
　No. 01 C 7538, 2002 U.S. Dist. LEXIS 16022
　(N.D. Ill. Aug. 27, 2002) ...........................................................................................11

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
　No. 07 C 2989, 2011 WL 3290302
　(N.D. Ill. July 26, 2011) ..............................................................................................6

*Amchem Prods. v. Windsor*,
　521 U.S. 591 (1997) ............................................................................................10, 13

*In re Bank One Sec. Litig./First Chicago S'holder Claims*,
　No. 00 CV 0767, 2002 WL 989454
　(N.D. Ill. May 14, 2002) ..................................................................................11, 12, 13

*In re Groupon, Inc. Sec. Litig.*,
　No. 12 CV 2450, 2014 WL 5245387
　(N.D. Ill. Sept. 23, 2014) .....................................................................................11, 12

*Isby v. Bayh*,
　75 F.3d 1191 (7th Cir. 1996) ........................................................................................5

*Keele v. Wexler*,
　149 F.3d 589 (7th Cir. 1998) ......................................................................................11

*Pension Tr. Fund v. Assisted Living Concepts, Inc.*,
　No. 12-CV-884-JPS, 2013 U.S. Dist. LEXIS 199190
　(E.D. Wis. Dec. 19, 2013) .............................................................................................7

*Retsky Family Ltd. P'ship v. Price Waterhouse LLP*,
　No. 97 C 7694, 2001 WL 1568856
　(N.D. Ill. Dec. 10, 2001) ...............................................................................................7

*Roth v. Aon Corp.*,
　238 F.R.D. 603 (N.D. Ill. 2006) ..................................................................................10

*Schleicher v. Wendt*,
　618 F.3d 679 (7th Cir. 2010) ................................................................................10, 13

*Silverman v. Motorola, Inc.*,
　259 F.R.D. 163 (N.D. Ill. 2009) ..................................................................................12

- ii -

Page

*Tatz v. Nanophase Techs. Corp.*,
 No. 01 C 8440, 2003 WL 21372471
 (N.D. Ill. June 13, 2003) ...................................................................................11

*Wong v. Accretive Health, Inc.*,
 773 F.3d 859 (7th Cir. 2014) ........................................................................6, 7, 8

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
 §77k..................................................................................................................2
 §77k(e) .............................................................................................................9
 §77l(a)(2) ..........................................................................................................2
 §77o..................................................................................................................2
 §77z-1(a)(7) .....................................................................................................14

Federal Rules of Civil Procedure
 Rule 23 ............................................................................................................10
 Rule 23(a).............................................................................................10, 12, 13
 Rule 23(a)(1) ...................................................................................................10
 Rule 23(a)(2) ...................................................................................................11
 Rule 23(a)(3) ...................................................................................................11
 Rule 23(a)(4) ...................................................................................................12
 Rule 23(b) .......................................................................................................10
 Rule 23(b)(3).......................................................................................6, 10, 12, 13
 Rule 23(e).......................................................................................................5, 6
 Rule 23(e)(1) ...................................................................................................13
 Rule 23(e)(1)(B)................................................................................................5
 Rule 23(e)(1)(B)(2)..........................................................................................10
 Rule 23(e)(2)...................................................................................5, 6, 9, 10
 Rule 23(e)(2)(A) ...............................................................................................6
 Rule 23(e)(2)(B)................................................................................................7
 Rule 23(e)(2)(C)(i)............................................................................................7
 Rule 23(e)(2)(A)-(D) ........................................................................................6
 Rule 23(e)(2)(C)(ii)-(iv)....................................................................................9
 Rule 23(e)(2)(D) ...............................................................................................9

## SECONDARY AUTHORITIES

*Manual for Complex Litigation*
 §13.14 (4th ed. 2004).........................................................................................5

4816-3766-1342.v2

## I.  INTRODUCTION

Lead Plaintiffs Justin and Jenny Kaufman, Joseph N. Wilson, Dr. Larry and Marilyn Cohen, Tradition Capital Management LLC, and SRS Capital Advisors, Inc. ("Lead Plaintiffs") submit this memorandum in support of preliminary approval of the partial settlement of the above-captioned litigation on the terms set forth in the Stipulation and Agreement of Partial Settlement dated August 19, 2019 (the "Stipulation" or "Settlement"), filed herewith.[1]  Following arm's-length negotiations, including the exchange of mediation briefs and an unsuccessful settlement conference with Magistrate Judge Sidney I. Schenkier, the Settling Parties were finally able to reach an agreement to settle Lead Plaintiffs' and the Settlement Class's claims against the Settling Defendants.  The proposed Settlement provides for the payment of $12,850,000 for the benefit of the Settlement Class.

The Settlement is the result of thorough investigation and well-informed, arm's-length negotiations between and among highly experienced counsel.  Lead Plaintiffs respectfully submit that the Settlement is fair, reasonable, and adequate, and therefore ask the Court to enter the accompanying [Proposed] Order Granting Preliminary Approval of Partial Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Partial Class Action Settlement ("Notice Order").  The Notice Order will (1) preliminarily approve the terms of the Settlement as set forth in the Stipulation; (2) certify the Settlement Class for settlement purposes; (3) approve the form and method for providing notice of the Settlement to the Settlement Class; and (4) schedule a settlement hearing (the "Settlement Hearing") at which the Court will consider the request for approval of (a) the Settlement set forth in the Stipulation, the (b) the Plan of Allocation of settlement proceeds among Settlement Class Members, and (c) an award of attorneys' fees and expenses to Lead Counsel.

---

[1]  All capitalized terms that are not defined herein have the same meanings as set forth in the Stipulation.

## II.     BACKGROUND

### A.     Procedural History

This securities class action was brought pursuant to §§11, 12(a)(2), and 15 of the Securities Act of 1933 on behalf of the Settlement Class.  The initial complaint was filed on February 9, 2018, and on June 26, 2018, the Court appointed Lead Plaintiffs and the firms Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Labaton Sucharow LLP ("Labaton Sucharow ") as Lead Counsel.  *See* ECF No. 111.

On August 16, 2018, Lead Plaintiffs filed the operative Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint").  ECF No. 114.  The Complaint alleged that the Registration Statements pursuant to which Fund shares were sold contained false and misleading statements regarding the Fund's "capital preservation," "risk management" and ability to profit even in a down market.  Lead Plaintiffs alleged that these statements were materially false and misleading because they failed to disclose, for example, that the Fund was not focused on capital preservation or risk mitigation, and was instead making aggressive, leveraged, and unmitigated bets that overexposed the Fund to the high risk of catastrophic losses.  *See*, *e.g.*, *id.*, ¶¶53-54.  The Complaint further alleged that, as a result of the false and misleading statements, Fund shares were sold at artificially inflated prices during the Class Period, causing members of the Settlement Class substantial damages when the value of Fund shares collapsed.  *See*, *e.g.*, *id.*, ¶¶2-7, 83-90.

Defendants have denied all of these allegations.  On February 4, 2019, Defendants filed their joint motion to dismiss the Action, arguing that the Registration Statements fully disclosed the risks of investing in the Fund, that the Complaint failed to plead loss causation, and that Lead Plaintiffs' claims were not timely brought.  *See* ECF No. 151.  Lead Plaintiffs filed their opposition to the motion to dismiss, which was fully briefed on April 4, 2019.  *See* ECF Nos. 159, 166 & 168.

4816-3766-1342.v2

## B.     The Parties' Arm's-Length and Informed Negotiations

The settlement negotiations in this Action spanned several months, both before and after the motion to dismiss briefing, and involved counsel on both sides that are highly experienced in securities class action litigation.  *See, e.g.*, ECF No. 71-5 (Robbins Geller firm resume); ECF No. 63-5 (Labaton Sucharow firm resume).  Given that the Fund was liquidated and there were limited and wasting insurance policies, the parties engaged in earlier than typical settlement talks.   On September 20, 2018, the parties requested that this Court stay the filing and briefing of any motion to dismiss so that the parties could pursue mediation before a Magistrate Judge.  ECF No. 122.  The Court granted the motion and the case was subsequently referred to the Honorable Sidney I. Schenkier for a settlement conference.

At the time of the settlement conference, Lead Plaintiffs and Lead Counsel were well-informed of the strengths and weaknesses of the alleged claims, through, for example:

- Lead Counsel's extensive investigation in connection with Lead Plaintiffs' detailed Complaint based on a review and analysis of SEC filings, media and analyst reports, press releases and shareholder communications, relevant case law and authorities, and other publicly-available information;

- the exchange of mediation briefs (with exhibits) and settlement demands that detailed the parties' respective positions on liability and damages;

- the review and analysis of Defendants' (wasting) insurance policies and of information regarding the liquidation and closing of the Fund and Defendants' ability to pay;

- multiple phone conferences among counsel for the parties regarding the claims, defenses, available insurance, and ability to pay; and

- multiple phone conferences between Lead Plaintiffs and Lead Counsel regarding the foregoing information.

A settlement conference with Magistrate Judge Schenkier took place on December 21, 2018.  The parties made initial presentations and then engaged in separate discussions with Judge Schenkier for the duration of the day.  At the conclusion of the settlement conference, Lead Plaintiffs could have

- 3 -

accepted a lower settlement to end the litigation, but chose to continue litigating to obtain the best possible recovery. As a result, the settlement conference concluded without an agreement being reached, and the case proceeded.

The parties briefed Defendants' motion to dismiss, which further outlined the parties' respective factual and legal arguments. The parties continued to discuss the possibility of settlement, and, on May 20, 2019, they requested that the case be stayed again so they could pursue settlement discussions. ECF No. 174. The Court granted the motion on May 21, 2019. ECF No. 175. The parties engaged in additional arm's-length negotiations, exchanged offers and counter-offers, and on June 20, 2019, the Settling Parties reported that they had reached an agreement as to a settlement amount but were continuing to negotiate the terms of the agreement. ECF No. 179. The Settling Parties thereafter finalized the Stipulation filed concurrently herewith.

### C.     The Terms of the Settlement

Following the arm's-length negotiations, Lead Plaintiffs and the Settling Defendants agreed to settle the claims in the Action against the Settling Defendants for $12,850,000. The Stipulation, and its exhibits, sets forth the full terms of the Settlement. Lead Plaintiffs and their counsel concluded, after a thorough investigation of the factual and legal issues in the Action, as well as consideration of the expense and risks of continued litigation and the depleting available insurance, that the certain monetary recovery for the benefit of the Settlement Class is a highly favorable result under the circumstances and is in the best interests of members of the Settlement Class.

In exchange for the benefits provided under the Stipulation, Settlement Class Members will release any and all claims against Settling Defendants: (a) asserted in the Action, or (b) that could have been asserted against any of the Released Defendant Parties in the Action or in any form that arise out of, relate to, are connected with or in any way concern (i) the allegations, transactions,

facts, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in the Action and (ii) relate to the purchase or acquisition of shares of the Fund during the Class Period.

## III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving class action litigation. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). Federal Rule of Civil Procedure 23(e) requires judicial approval for the settlement of class actions. Such approval involves a two-step process: first, a "preliminary approval" order authorizing notice of the proposed settlement to be provided to the class; and second, after notice has been provided and a hearing has been held to consider the fairness, reasonableness, and adequacy of the proposed settlement, a "final approval" order or judgment. *See Manual for Complex Litigation* §13.14 (4th ed. 2004).

The question at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). As discussed below, the Settlement for $12.85 million in cash satisfies the Rule 23(e) standards for approval, and the Settlement Class satisfies the standards for class certification. Thus, the proposed Settlement should be preliminarily approved and Notice of the proposed Settlement should be sent to the Settlement Class in advance of a final Settlement Hearing.

### A. The Settlement Satisfies the Standards for Approval

Rule 23(e)(2), recently amended, provides that a settlement should be approved if it is "fair, reasonable, and adequate," considering whether: (a) Lead Plaintiffs and Lead Counsel adequately represented the Settlement Class; (b) the Settlement was negotiated at arm's-length; (c) the relief is

- 5 -

adequate; and (d) the Settlement treats Settlement Class Members equitably relative to each other.[2] Fed. R. Civ. P. 23(e)(2)(A)-(D). At this preliminary approval stage, the Court's task is merely to determine whether the Settlement will "likely" satisfy the standard for final approval. *See* Fed. R. Civ. Pr. 23(e)(1)(B). In other words, the court need only "'determine whether the proposed settlement is within the range of possible approval,' not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 C 2989, 2011 WL 3290302, at *6 (N.D. Ill. July 26, 2011) (citation omitted) (granting approval of class action settlement).

## 1.    Lead Plaintiffs and Lead Counsel Have Adequately Represented the Settlement Class

Rule 23(e)(2)(A) instructs courts to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). As set forth herein, Lead Counsel are highly experienced in securities class action litigation, and both Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class by diligently prosecuting this Action and securing the favorable proposed Settlement. Lead Plaintiffs and Lead Counsel have, for example, conducted a thorough investigation, prepared and filed the detailed Complaint and opposition to Defendants' motion to dismiss, drafted and analyzed mediation briefs, participated in the settlement conference, and considered potential damages, the costs and risks of ongoing litigation, Defendants' ability to pay, and the available insurance. Lead Plaintiffs and Lead Counsel's diligent representation that resulted in a settlement that they determined is fair, reasonable, and adequate supports preliminary approval. *See* Fed. R. Civ. P. 23(e)(2)(A); *see also Accretive*, 773

---

[2]    The Rule 23(e)(2) factors overlap with the Seventh Circuit's previously-determined final approval factors: (1) the strength of the case, balanced against the settlement amount; (2) the defendant's ability to pay; (3) the complexity, length and expense of further litigation; (4) the amount of opposition to the settlement; (5) the presence of collusion in reaching a settlement; (6) the opinion of competent counsel; and (7) the stage of the proceedings. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014).

F. 3d at 863-64 (stating that "the opinion of competent counsel" is a relevant factor for settlement

approval and affirming settlement where counsel – Robbins Geller – was "highly experienced").[3]

### 2. The Proposed Settlement Is the Result of Good Faith Arm's-Length Negotiations

Rule 23(e)(2)(B) requires courts to consider a procedural factor – whether "the proposal was

negotiated at arm's length." As explained above in §II.B., the proposed Settlement was achieved

only after extensive arm's length negotiations among highly-experienced and informed counsel, an

unsuccessful settlement conference with Magistrate Judge Schenkier, and further litigation and

arm's-length negotiations. This arm's-length process supports approval. *See Accretive*, 773 F.3d at

863-64 (approving settlement in light of "extensive arm's length negotiations with an experienced

third party mediator"); *Pension Tr. Fund v. Assisted Living Concepts, Inc.*, No. 12-CV-884-JPS,

2013 U.S. Dist. LEXIS 199190, at \*4 (E.D. Wis. Dec. 19, 2013) (approving settlement that was "the

result of arm's-length negotiations between experienced counsel representing the interests of the

Settling Parties and is in the best interest of the Class."). That Lead Plaintiffs have yet to be able to

reach an agreement with all Defendants is further proof that it was a hard-fought settlement.

### 3. The Proposed Settlement is Adequate in Light of the Costs and Risks of Continued Litigation and Defendants' Ability to Pay

Rule 23(e)(2)(C)(i) instructs courts to consider the adequacy of a proposed settlement in light

of "the costs, risks, and delay of trial and appeal." Relatedly, the Seventh Circuit has instructed

courts to consider "'the strength of plaintiff's case on the merits balanced against the amount offered

in the settlement'" and "'the complexity, length, and expense of further litigation.'" *Accretive*, 773

F.3d at 863-64 (citation omitted). Courts have recognized that "[s]ecurities fraud litigation is long,

complex and uncertain." *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, No. 97 C 7694, 2001

---

[3] The settlement affirmed in *Accretive* was also approved prior to a ruling on a motion to dismiss and the Court noted that, as here, the plaintiff "had access to extensive public documents." 773 F.3d at 864.

WL 1568856, at *2 (N.D. Ill. Dec. 10, 2001) (collecting cases); *see also Accretive*, 773 F.3d at 863 (detailing the significant delays and costs associated with litigating damages alone).

Here, while Lead Plaintiffs remain confident in their ability to ultimately prove their claims, further litigation and trial is always a costly and risky proposition. In their motion to dismiss, Defendants argued that the risks of investing in the Fund were fully disclosed to investors, that the Complaint failed to plead any false or misleading statements, and that Defendants could establish the defenses of negative loss causation and statute of limitations. *See* ECF No. 151. Although Lead Plaintiffs believed the Complaint adequately alleged all elements of their claims, Settling Defendants would need only succeed on one of their defenses at summary judgment or trial to defeat the Action.

Moreover, once past the motion to dismiss, the costs, risks, and delay would increase as the parties engaged in fact discovery, expert discovery, summary judgment briefing, pre-trial litigation, trial, and appeal. *See Accretive*, 773 F. 3d at 864 (noting that "[f]urther litigation almost certainly would have involved complex and lengthy discovery and expert testimony"). Absent settlement, this Action would have developed into a battle of competing experts and credibility determinations to be decided by a jury. Moreover, Lead Plaintiffs are aware that the Fund has been liquidated and dissolved, and the available insurance to fund a settlement on behalf of the Settling Defendants is a "wasting asset," such that continued litigation here, and in other related litigation, would deplete the money available to pay a settlement or satisfy a judgment. *See id.* (affirming approval of settlement where "[i]nsurance proceeds to fund a settlement or judgment were a limited, wasting asset, *i.e.*, further defense costs would have reduced those funds").

Thus, the benefits created by the Settlement weigh in favor of granting the motion for preliminary approval. Considering the risks of continued litigation, the time and expense that would be incurred to prosecute the Action through trial, and the depleting insurance, the $12.85 million settlement is a meaningful and certain recovery that is in the best interests of the Settlement Class.

4816-3766-1342.v2

### 4. The Proposed Settlement Satisfies the Remaining Rule 23(e)(2) Factors

Rule 23(e)(2) further instructs courts to consider (i) the effectiveness of the proposed method of distribution to the class; (ii) the terms and timing of any proposed attorney's fees; (iii) any side agreement between the parties; and (iv) whether the settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(C)(ii)-(iv); Fed R. Civ. P. 23(e)(2)(D). Each of these factors further supports approval of the proposed Settlement.

First, as demonstrated below in §IV., the method and effectiveness of the proposed notice is effective. The claims process is also effective and includes a standard claim form that requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation ("Plan"), which will govern how Settlement Class Members' claims will be calculated and, ultimately, how money will be distributed to Authorized Claimants. The Plan was developed with the assistance of Lead Plaintiffs' damages consultant and is based on the statutory computation of damages under §11(e) of the Securities Act of 1933.

Second, Lead Counsel will make a request for an award of attorneys' fees of 28% and expenses not to exceed $100,000, all to be paid from the Settlement Fund.[4] The application will be made at the time Lead Counsel moves for a final approval of the Settlement; the awarded fees and expenses shall be paid from the Settlement Fund, and not Defendants, upon entry of the order awarding such fees and expenses. Third, the Settling Parties have not entered into any side agreements other than a standard supplemental agreement which provides that if Settlement Class Members opt-out of the Settlement such that the number of Fund shares represented the opt-outs equals or exceeds a certain amount, Settling Defendants have the option to terminate the Settlement.

---

[4] The Stipulation does not contemplate any specific award to Lead Counsel.

- 9 -

Stipulation, ¶43.[5]  And fourth, the proposed Settlement treats class members equitably because the Plan of Allocation subjects all members of the Settlement Class – including Lead Plaintiffs – to the same formulas for distribution of the Settlement.  *See* Stipulation, Ex. A-1 at 22-25.

In sum, the proposed Settlement satisfies each of the Rule 23(e)(2) factors and should be preliminarily approved so the Notice can be sent to potential members of the Settlement Class.

## B.     The Settlement Class Satisfies the Standards for Class Certification

The second part of the settlement approval process is to determine whether the action may be maintained as a class action for settlement purposes under Rule 23.  *See* Fed. R. Civ. P. 23(e)(1)(B)(2).  Rule 23(a) establishes four prerequisites to class certification:  (i) "numerosity," (ii) "commonality," (iii) "typicality," and (iv) "adequacy" of representation.  *Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997).  In addition, a class must meet one of the three requirements of Rule 23(b), namely here, that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3). The Seventh Circuit has acknowledged that in securities actions such as this, "class certification is routine."  *Schleicher v. Wendt*, 618 F.3d 679, 681-82 (7th Cir. 2010); *Roth v. Aon Corp.*, 238 F.R.D. 603, 605 (N.D. Ill. 2006) ("It is established law in the Northern District of Illinois and the Seventh Circuit that class certifications are the preferred method of dealing with securities fraud cases.").

### 1.     Rule 23(a)(1) – Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Here, according to available trading data, more than 73

---

[5]    As is standard in securities class actions, such agreements are not made public in order to avoid incentivizing the formation of a group of opt-outs for the sole purpose of leveraging the Termination Threshold to exact an individual settlement.  Pursuant to its terms, the Supplemental Agreement may be submitted to the Court *in camera* or under seal.

million Fund shares were outstanding at the end of the Class Period, resulting in hundreds or thousands of potential class members, which is more than sufficient to establish numerosity. *See Tatz v. Nanophase Techs. Corp.*, No. 01 C 8440, 2003 WL 21372471, at *6 (N.D. Ill. June 13, 2003) (certifying class where around 13 million company shares were outstanding and "were likely owned by hundreds of persons or entities throughout the United States"); *In re Bank One Sec. Litig./First Chicago S'holder Claims*, No. 00 CV 0767, 2002 WL 989454, at *3 (N.D. Ill. May 14, 2002) (finding numerosity in §11 class and noting that courts "have granted class certification to groups smaller than 30").

### 2.    Rule 23(a)(2) – Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This commonality requirement "'is not a demanding requirement,'" as just "'one issue of fact or law common to all class members will suffice.'" *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 U.S. Dist. LEXIS 16022, at *9 (N.D. Ill. Aug. 27, 2002) (citation omitted). The Settlement Class meets this "low hurdle" here because "at the heart of Lead Plaintiff[s'] claims, and common to the class, are whether Defendants materially misrepresented or omitted [material] information in [the Fund's] Registration Statement[s]." *In re Groupon, Inc. Sec. Litig.*, No. 12 CV 2450, 2014 WL 5245387, at *1 (N.D. Ill. Sept. 23, 2014) (certifying §11 class); *see also Bank One*, 2002 WL 989454, at *4 (stating that §11 claims are "well-suited to class treatment and satisfy the commonality requirement" because they "require only a material misstatement or omission in a Registration Statement to prove liability"); ECF No. 114, ¶75.

### 3.    Rule 23(a)(3) – Typicality

The "typicality" requirement of Rule 23(a)(3) is satisfied because Lead Plaintiffs' claims arise from the same "'event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory.'" *Keele v. Wexler*, 149 F.3d 589, 595

(7th Cir. 1998) (citation omitted).  Specifically, Lead Plaintiffs and members of the Settlement Class

bought Fund shares during the Class Period pursuant to the alleged false and misleading Registration

Statements, suffered damages as a result of the subsequent decline in the Fund's share prices, and

"will use the same evidence to prove their case."  *Bank One*, 2002 WL 989454, at *4; *see also*

*Groupon*, 2014 WL 5245387, at *1 (finding typicality established where lead plaintiff and the class

"all purchased [Fund] shares during the class period and all were affected by the materially false and

misleading statements alleged by Lead Plaintiff").   Typicality is satisfied.

### 4.      Rule 23(a)(4) – Adequacy of Representation

Lead Plaintiffs also meet the "adequacy" requirement of Rule 23(a)(4) because they have and

will continue to "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

The adequacy requirement is met where: (i) the claims of the class representatives and other

members of the class are not antagonistic; (ii) the class representatives are sufficiently interested in

the outcome of the case; and (iii) experienced, competent counsel represent them.  *See Silverman v.*

*Motorola, Inc.*, 259 F.R.D. 163, 173 (N.D. Ill. 2009).   Here, Lead Plaintiffs have no interests

antagonistic to the interests of the Settlement Class and have sufficient interest in the outcome of the

case, as they purchased Fund shares during the Class Period and suffered the same type of alleged

economic damages as the other Settlement Class Members.  Additionally, as set forth above, Lead

Plaintiffs have already demonstrated their vigorous prosecution of the claims in this Action and have

retained Lead Counsel with extensive experience and skill in litigating securities class actions  *See*

*supra* §§II.B., III.A.  Adequacy is satisfied.

### 5.      Rule 23(b)(3) – Predominance and Superiority

In addition to satisfying all of the criteria of Rule 23(a), the Settlement Class satisfies Rule

23(b)(3)'s requirement that "questions of law or fact common to the class members predominate

over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The predominance inquiry focuses on the existence of common issues. As the Supreme Court recognized in *Amchem*, "[p]redominance is a test readily met in certain cases alleging . . . securities fraud." 521 U.S. at 625. In this case, as in most cases alleging violations of the federal securities laws, "[w]hether [defendants'] statements are false . . . [w]hether the falsehoods affected the stock's price . . . [and] [w]hether the magnitude of any effect shows that the false information was 'material'" are common questions which predominate over any individual issues. *Schleicher*, 618 F.3d at 681; *see also Bank One*, 2002 WL 989454, at *4 (holding common questions predominated in §11 claims arising from false statements in Registration Statement).

Further, resolution of this case through a class action is far superior to litigating thousands of individual claims where the expense for a single investor in pursuing a separate action could exceed the individual's loss. *See Bank One*, 2002 WL 989454, at *8 (holding in §11 case that the "class action is a superior means to adjudicate claims of class members who would be overwhelmed . . . if they attempted to prosecute their individual claims").

In sum, Lead Plaintiffs believe that the Settlement Class meets all of the requirements of Rule 23(a) and (b)(3) and should be certified in conjunction with the Settlement.

## IV. THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

Under Federal Rule of Civil Procedure 23(e)(1), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal" (*i.e.*, the proposed settlement). Here, the parties negotiated the form of the Notice of Pendency of Class Action, Proposed Partial Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") to be disseminated to all persons who fall within the definition of the Settlement Class and whose names and addresses have been or can be identified from or through the Fund's transfer records. In

- 13 -

addition, the Claims Administrator will engage in a standard and extensive outreach to send the Notice to entities which commonly hold securities in "street name" as nominees for the benefit of their customers who are the beneficial purchasers of the securities. The parties further propose to supplement the mailed Notice with a Summary Notice published in *The Wall Street Journal* and transmitted over the *PR Newswire*. The Notice and Summary Notice are attached to the Stipulation as Exhibits A-1 and A-3.

Furthermore, the Notice includes all of the information required by the PSLRA,[6] as well as additional relevant information in securities class actions. It describes the Settlement and sets forth the Settlement Amount ($12,850,000) and the average distribution per potentially damaged share if claims for 100% of such shares are made ($0.13); states the parties' disagreement over damages and liability; and describes the Plan of Allocation. In addition, the Notice briefly explains the nature, history and status of the Action; sets forth the definition of the Settlement Class; states the Settlement Class' claims and issues; discusses the rights of persons who fall within the definition of the Settlement Class; summarizes the reasons the parties are proposing the Settlement; and describes counsel's fee and expense application.

Further, the Notice includes detailed information on the process and requirements for requesting exclusion from the Settlement Class or objecting. For those Settlement Class Members who wish to participate in the Settlement, the Notice provides instructions on the timing and process

---

[6]     The PSLRA requires the notice of settlement to include:  (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis"; (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this title, a statement from each settling party concerning the issue or issues on which the parties disagree"; (3) "a statement indicating which parties or counsel intend to make . . . an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought"; (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members"; and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement."  15 U.S.C. §77z-1(a)(7).

for completing and submitting the Proof of Claim and Release form that accompanies the Notice. The Summary Notice also informs Settlement Class Members that copies of the Notice and Proof of Claim and Release form may be obtained by writing the Claims Administrator, or by accessing the documents on the case specific website described in the Notice.

Finally, the Notice sets forth the date, time, and place of the Settlement Hearing, along with the procedures for commenting on the Settlement and includes the postal address for the Court, Lead Counsel, and counsel for Defendants.

The contents of the Notice and Summary Notice satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA. Accordingly, in granting preliminary approval of the proposed Settlement, Lead Plaintiffs respectfully request that the Court also approve the parties' proposed form and method of giving notice to the Settlement Class.

## V.        PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a Settlement Hearing date, dates for mailing the Notice and publication of the Summary Notice, and deadlines for requesting exclusion from the Settlement Class, objecting to the Settlement, Lead Counsel's Fee and Expense Application, or the Plan of Allocation of settlement proceeds, filing papers in support of the Settlement and Plan of Allocation of settlement proceeds, and the submission of Proof of Claim and Release forms. Lead Plaintiffs propose the schedule attached hereto as Exhibit A.

## VI.       CONCLUSION

For all the foregoing reasons, the proposed Settlement warrants the Court's preliminary approval and the Notice Order should be entered.

DATED:  August 19, 2019                    Respectfully submitted,

                                                            ROBBINS GELLER RUDMAN & DOWD LLP

                                                                    s/ James E. Barz
                                                            JAMES E. BARZ

- 15 -

JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)200
South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com

LABATON SUCHAROW LLP
JAMES W. JOHNSON
MICHAEL H. ROGERS
JOHN ESMAY
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818/0477 (fax)
jjohnson@labaton.com
mrogers@labaton.com
jesmay@labaton.com

Lead Counsel for Lead Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on August 19, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
& DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

E-mail: JBarz@rgrdlaw.com

# Mailing Information for a Case 1:18-cv-01039 Sokolow v. LJM Funds Management, Ltd. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Bradley Joseph Andreozzi**
  bradley.andreozzi@dbr.com,docketmail@dbr.com,patricia.torbert@dbr.com

- **Amy Curtner Andrews**
  aandrews@sidley.com,efilingnotice@sidley.com,amy-andrews-6537@ecf.pacerpro.com

- **James E Barz**
  jbarz@rgrdlaw.com,mburch@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Roberto M. Braceras**
  rbraceras@goodwinprocter.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com

- **Michael Elliot Criden**
  mcriden@cridenlove.com

- **Daniel J. Delaney**
  daniel.delaney@dbr.com,violet.mendiola@dbr.com,diane.ravenscraft@dbr.com

- **Michael C Dell'Angelo**
  mdellangelo@bm.net,tstires@bm.net

- **Ashley Moore Drake**
  Amdrake@goodwinlaw.com

- **Daniel R Fine**
  danfine@bfkn.com,daniel-fine-bfkn-2199@ecf.pacerpro.com,ourdocket@gmail.com,dan-fine-8661@ecf.pacerpro.com

- **Charles Alphonsus Fitzpatrick , IV**
  Fitzpatrick-C@BlankRome.com

- **Kyle L Flynn**
  flynnk@gtlaw.com,ickesp@gtlaw.com,CHILitDock@GTLAW.com

- **Michael Jerry Freed**
  mfreed@fklmlaw.com,mkhamoo@fklmlaw.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Lindsey Caryn Grossman**
  lgrossman@cridenlove.com

- **Jeffry Mark Henderson**
  hendersonj@gtlaw.com,liabol@gtlaw.com,CHILitDock@GTLAW.com

- **Brian M. Hogan**
  bhogan@fklmlaw.com

- **Mark Holland**
  mholland@goodwinlaw.com

- **Mathew Jasinski**
  mjasinski@motleyrice.com,kweil@motleyrice.com

- **James W. Johnson**
  JJohnson@labaton.com,7592785420@filings.docketbird.com,lpina@labaton.com,smundo@labaton.com,electroniccasefiling@labaton.com

- **Matthew Langley**
  mlangley@rgrdlaw.com

- **Thomas L. Laughlin , IV**
  tlaughlin@scott-scott.com,ksteinberger@scott-scott.com,efile@scott-scott.com

- **Evan Lechtman**
  lechtman@blankrome.com

- **Gregg S. Levin**
  glevin@motleyrice.com,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **William Henry London**
  wlondon@fklmlaw.com,mkhamoo@fklmlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Joshua Wendell Mahoney**
  joshua.mahoney@bfkn.com,lauren.dwyer@bfkn.com,ourdocket@gmail.com,joshua-mahoney-bfkn-4006@ecf.pacerpro.com

- **Steven Marc Malina**
  malinas@gtlaw.com,CHILitDock@gtlaw.com,caswickc@gtlaw.com

- **Francis P. Mcconville**
  fmcconville@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Matthew M Morrissey**
  matthew.morrissey@dbr.com,alice.continpage@dbr.com

- **Todd Edward Pentecost**
  pentecostt@gtlaw.com,sullivanka@gtlaw.com,chilitdock@gtlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Daniel P. Roeser**
  DRoeser@goodwinlaw.com

- **Michael H Rogers**
  mrogers@labaton.com,lpina@labaton.com,8956253420@filings.docketbird.com,electroniccasefiling@labaton.com

- **David A Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Peter G. Rush**
  rushp@gtlaw.com,browntk@gtlaw.com,chilitdock@gtlaw.com

- **Margaret Schmidt**
  mschmidt@labaton.com,lpina@labaton.com,electroniccasefiling@labaton.com

- **Jennifer Winter Sprengel**
  jsprengel@caffertyclobes.com,docket@caffertyclobes.com,snyland@caffertyclobes.com

- **Rhiana L Swartz**
  rswartz@scott-scott.com,ksteinberger@scott-scott.com,efile@scott-scott.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)