EXECUTION VERSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD SOKOLOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:18-cv-01039 |
| Plaintiff, | ) ) | Hon. Judge Robert M. Dow, Jr. |
| vs. | ) ) | |
| LJM FUNDS MANAGEMENT, LTD., et al., | ) ) | |
| Defendants. | ) ) ) | |

## STIPULATION AND AGREEMENT OF PARTIAL SETTLEMENT

This Stipulation and Agreement of Partial Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiffs Justin and Jenny Kaufman, Joseph N. Wilson, Dr. Larry and Marilyn Cohen, Tradition Capital Management LLC ("Tradition"), and SRS Capital Advisors, Inc. ("SRS") (collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class (defined below), on the one hand, and defendants Two Roads Shared Trust, (the "Trust"), Northern Lights Distributors, LLC ("NLD"), NorthStar Financial Services Group, LLC ("NorthStar"), and Mark D. Gersten, Mark Garbin, Neil M. Kaufman, Anita K. Krug, Andrew B. Rogers, and James Colantino (collectively, the "Individual Settling Defendants" and, with the Trust, NLD, and NorthStar, the "Settling Defendants"), on the other, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"). This Stipulation is intended by the settling parties to fully, finally, and forever resolve, discharge, and settle the Released Claims as against the Released Defendant Parties and the Released

Defendants' Claims against the Released Plaintiff Parties (each of these capitalized terms is defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.[1]

**WHEREAS:**

A.    On February 9, 2018, a securities class action complaint was filed in the U.S. District Court for the Northern District of Illinois, Eastern Division on behalf of investors in the LJM Preservation and Growth Fund (the "Fund"), titled *Sokolow v. LJM Funds Management, Ltd. et al.*, Civil No. 1:18-cv-01039 (the "Action"), and was assigned to the Hon. Robert M. Dow, Jr., USDJ.

B.    On June 26, 2018, the Court issued an Order appointing Justin and Jenny Kaufman, Joseph N. Wilson, Dr. Larry and Marilyn Cohen, Tradition, and SRS as lead plaintiffs, and appointing Labaton Sucharow LLP and Robbins Geller Rudman & Dowd as co-lead counsel.

C.    The operative complaint in the Action is the Consolidated Complaint for Violations of the Federal Securities Laws, filed on August 16, 2018 (the "Complaint").  The Complaint alleges violations of §§ 11, 12(a)(2), and 15 of the Securities Act of 1933 ("1933 Act") on behalf of a class of all purchasers who bought shares of the Fund during the period from February 28, 2015 through February 7, 2018, inclusive, pursuant to certain Offering Materials, which are set forth in paragraph 51 of the Complaint.

D.    Lead Plaintiffs, through Lead Counsel, state that they conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  Lead Plaintiffs state that this process has included reviewing and analyzing, among other things: U.S. Securities and Exchange Commission ("SEC") filings by the

---

[1] All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶ 1 hereof entitled "Definitions."

Trust; media and analyst reports regarding the Fund, its advisor LJM Funds Management, Ltd.

("LJM"), and their affiliates; press releases and shareholder communications regarding the Fund,

LJM, and their affiliates; and other publicly available information regarding the Trust, the Fund,

LJM, and the industry.

E.    On September 20, 2018, the parties agreed to pursue mediation and jointly moved

the Court for a stay of the Action. On October, 3, 2018, following a status conference with the

parties, the Court set a settlement conference for December 21, 2018 and set a schedule for the

parties to exchange mediation statements. The December 21, 2018 settlement conference was

held with Hon. Sidney I. Schenkier, USMJ, and involved an extended effort to settle the claims

and was preceded by the exchange of mediation statements. Although the settlement conference

was unsuccessful, the parties continued to engage in settlement discussions thereafter as the

Action proceeded.

F.    On February 4, 2019, Defendants filed a Joint Motion to Dismiss the Complaint.

In the motion, Defendants raised several grounds for dismissal including, among others, that the

Offering Materials for the Fund fully disclosed the risks of investing in the Fund, that the

Complaint failed to plead loss causation, and that the claims asserted in the Complaint were not

timely. Lead Plaintiffs opposed the motion, and on March 4, 2019, the motion was fully briefed.

G.    On May 20, 2019, the parties filed a Joint Motion for Stay Pending Settlement

Discussions.

H.    Following continued, extensive arm's-length negotiations, the Lead Plaintiffs and

the Trust, the Individual Settling Defendants, NLD and NorthStar reached an agreement in

principle to settle all of the claims against them in the Action for $12,850,000, subject to the

execution of a customary stipulation and agreement of settlement and related papers. This

Stipulation (together with the exhibits hereto) constitutes the final and binding agreement between the Settling Parties.

I.       Settling Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Settling Defendants have denied and continue to deny each and every one of the claims and allegations asserted in the Action, including all claims in the complaints filed in the Action.  Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiffs or class members have suffered damage or were otherwise harmed by the conduct alleged in the Action.  Settling Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Nonetheless, Settling Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action as to them and the Released Claims.

J.       Lead Plaintiffs believe that the claims and allegations asserted in the Action have merit and that the information developed to date supports the claims and allegations asserted.  However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals.  They also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel is also mindful of the inherent problems of proof and the possible

defenses to the claims alleged in the Action. In particular, Lead Plaintiffs and Lead Counsel have considered the limited funds available to satisfy a judgment. In addition to this consolidated action, one or more of the Settling Defendants are defending at least three actions pending in Illinois and Florida courts arising from the same circumstances alleged in this Action, as well as possible investigations by regulators, all of which may continue to deplete the limited funds available to satisfy a judgment. Based on their evaluation, Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of Lead Plaintiffs and the Settlement Class.

K. The Settling Parties agree that certification of the Settlement Class, for settlement purposes only, is appropriate in the Action. For purposes of this Settlement only, the Settlement Class comprises all members of the Settlement Class, as defined below. Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a class other than for settlement purposes, and the Settling Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final, as defined in ¶1(m) below.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacks merit, and without any concession by the Settling Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Settling Parties," and each is a "Settling Party"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be

fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "Action" means the civil action captioned *Sokolow v. LJM Funds Management, Ltd., et al.,* Case No. 1:18-cv-01039, pending in the United States District Court for the Northern District of Illinois before the Honorable Robert M. Dow, Jr., United States District Judge.

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Settling Parties hereto elects to terminate this Settlement by reason of such variance.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

(d)      "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process proofs of claim, and to administer the Settlement.

(e)      "Class Period" means the period from February 28, 2015 through February 7, 2018, inclusive.

(f)      "Cross-Released Claims" means any and all claims (including claims for indemnification, contribution, or subrogation), complaints, third-party claims, cross-claims,

counterclaims, demands, allegations, liabilities, obligations, promises, agreements, controversies, actions, causes of action, suits, rights, damages, costs, losses, debts, charges, and expenses (including attorneys' fees, expert fees, and disbursements of counsel and other professionals) of any and every nature whatsoever, whether in law or in equity, whether arising under federal, state, local, or foreign statutory or common law or any other law, rule, or regulation (whether foreign or domestic), whether currently known or unknown, fixed or contingent, suspected or unsuspected, foreseen or unforeseen, ripened or unripened, accrued or unaccrued, liquidated or unliquidated, or matured or not matured, whether arising in equity or under the law of the contract, tort, malpractice, statutory breach, or any other legal right or duty, whether direct, class, individual, representative, or in any other capacity, and to the fullest extent that the law permits their release in this lawsuit, that any Settling Defendant has, or could assert, against any other Settling Defendant in the Action or in any forum that arise out of, relate to, are connected with, or are in any way concern (i) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in the Action, or relating to actions or inactions with respect to the Fund, and that (ii) arise out of, are based upon, or relate to in any way, the purchase, acquisition, sale, or disposition of shares of the Fund during the Class Period.

(g)     "Court" means the United States District Court for the Northern District of Illinois.

(h)     "Defendants" means Two Roads Shared Trust, Northern Lights Distributors, LLC, NorthStar Financial Services Group, LLC, LJM Funds Management, Ltd., Mark D. Gersten, Mark Garbin, Neil M. Kaufman, Anita K. Krug, Andrew B. Rogers, James Colantino, Anthony J. Caine, and Anish Parvataneni.

(i)     "Effective Date" means the date upon which the Settlement shall have become effective and Final, as set forth in ¶ 41 below.

(j)     "Escrow Account" means the separate escrow account at a national banking institution, chosen by Lead Counsel, that is established to receive the Settlement Amount for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(k)     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP.

(l)     "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and/or payment of litigation expenses incurred in prosecuting the case, including any award pursuant to 15 U.S.C. §77z-1(a)(7) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

(m)     "Final," with respect to a court order, including a judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent

judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(n)     "Individual Settling Defendants" means Mark D. Gersten, Mark Garbin, Neil M. Kaufman, Anita K. Krug, Andrew B. Rogers, and James Colantino.

(o)     "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(p)     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP.

(q)     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(r)     "Non-Settling Defendants" means LJM Funds Management, Ltd., Anthony J. Caine, and Anish Parvataneni.

(s)     "Notice" means the Notice of Pendency of Class Action, Proposed Partial Class Action Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 1 to Exhibit A hereto.

(t)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing

claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(u)     "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(v)     "Plaintiffs' Counsel" means Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP.

(w)     "Plan of Allocation" means the proposed Plan of Allocation for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(x)     "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Partial Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Partial Class Action Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(y)     "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(z)     "Released Claims" means any and all complaints, claims, third-party claims, cross-claims, counterclaims, demands, allegations, liabilities, obligations, promises,

agreements, controversies, actions, causes of action, suits, rights, damages, costs, losses, debts, charges, and expenses (including Unknown Claims (as defined below) and attorneys' fees, expert fees, and disbursements of counsel and other professionals) of any and every nature whatsoever, whether in law or in equity, whether arising under federal, state, local, or foreign statutory or common law or any other law, rule, or regulation (whether foreign or domestic), whether currently known or unknown, fixed or contingent, suspected or unsuspected, foreseen or unforeseen, ripened or unripened, accrued or unaccrued, liquidated or unliquidated, or matured or not matured, whether arising in equity or under the law of contract, tort, malpractice, statutory breach, or any other legal right or duty, whether direct, class, individual, representative, or in any other capacity, and to the fullest extent that the law permits their release in this lawsuit, that Lead Plaintiffs, or any other member of the Settlement Class: (a) asserted in the Action, or (b) could have asserted against any of the Released Defendant Parties in the Action or in any forum that arise out of, relate to, are connected with, or in any way concern (i) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to in the Action, or relating to actions or inactions with respect to the Fund, and that (ii) arise out of, are based upon, or relate to in any way, the purchase or acquisition of shares of the Fund during the Class Period.  Released Claims does not include: (a) claims in any governmental or regulatory agency proceeding or action, including the right of any Settlement Class Member to recover therein; (b) claims asserted in: *David Melcher v. LJM Partners, Ltd., et al.*, 2018 CH 10346 (Cook Cty Circuit Crt, IL), *Donna Lundgren-Wiedinmyer v. LJM Partners, Ltd., et al.*, 2018 CH 10712 (Cook Cty Circuit Crt, IL), *Barney C. Guttman v. LJM Partners, Ltd., et al.*, 2018 CH 12701 (Cook Cty Circuit Crt, IL); *LJM Partners, Ltd. v. John Does*, No. 19-cv-368 (N.D. Ill.); or (c) claims to enforce the Settlement.

(aa)    "Released Defendant Parties" means the Settling Defendants, Settling Defendants' Counsel, and each of their respective predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, heirs, legatees, devisees, executors, administrators, estates, heirs, spouses, immediate family members, receivers and trustees, settlors, beneficiaries, officers, directors, shareholders, employees, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest of the Settling Defendants.  Released Defendant Parties does not include any of the Non-Settling Defendants.

(bb)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Settling Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

(cc)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.  Released Parties does not include any of the Non-Settling Defendants.

(dd)    "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party (in their capacity as such) who is an individual, as well as any trust of which any Released Plaintiff Party is the

settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(ee)     "Settlement" means the partial resolution of the Action in accordance with the terms and provisions of this Stipulation.

(ff)      "Settlement Amount" means the total principal amount of twelve million and eight hundred and fifty thousand U.S. dollars ($12,850,000) in cash to be paid into the Escrow Account.

(gg)     "Settlement Class" or "Settlement Class Member" means all persons and entities who purchased or otherwise acquired shares of the LJM Preservation and Growth Fund during the Class Period.  Excluded from the Settlement Class are: (i) Defendants and their affiliates; (ii) the officers, directors, and/or trustees of LJM Funds Management, Ltd., the Trust, NLD, NorthStar, or the Fund; (iii) members of the immediate families of any such excluded person; (iv) any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any excluded person or entity.  Also excluded from the Settlement Class will be any Person that timely and validly submits a request for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice, or that the Court otherwise allows to be excluded from the Class.

(hh)     "Settlement Fund" means the Settlement Amount that is paid into the Escrow Account and any interest or income earned thereon.

(ii)      "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

- 13 -

(jj)     "Settling Defendants' Counsel" means the law firms of Drinker, Biddle & Reath LLP, Sidley Austin LLP, Goodwin Proctor LLP, and Blank Rome LLP.

(kk)     "Settling Parties" means Lead Plaintiffs, the Settlement Class, and the Settling Defendants.

(ll)     "Stipulation" means this Stipulation and Agreement of Partial Settlement.

(mm)   "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Partial Class Action Settlement, and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(nn)     "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(oo)     "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties or, with respect to the Cross-Released Claims, any other Settling Defendant, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, and Cross-Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead

Plaintiffs and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs and other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

**SCOPE AND EFFECT OF SETTLEMENT**

2.        The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (b) in full and final disposition of the claims in the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

3.        For purposes of this Settlement only, the Settling Parties agree to: (i) certification of the Settlement Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶ 1(gg); (ii) the appointment of Lead Plaintiffs as Class Representatives for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g). Certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

4.        By operation of the Judgment or Alternative Judgment, as of the Effective Date, each of the Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against each of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

5.        By operation of the Judgment or Alternative Judgment, as of the Effective Date, each of the Settling Defendants shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against each of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

6.     By operation of the Judgment or Alternative Judgment, as of the Effective Date, each of the Settling Defendants shall have fully, finally, and forever released, relinquished, and discharged all Cross-Released Claims against each and every other Settling Defendant.

## THE SETTLEMENT CONSIDERATION

7.     In full settlement of the claims asserted in the Action against the Settling Defendants and in consideration of the releases specified in ¶¶ 4-6, above, all of which the Settling Parties agree are good and valuable consideration, the Settling Defendants shall pay, or cause to be paid, the Settlement Amount into the Escrow Account within fourteen (14) calendar days of the later of: (a) the Court's preliminary approval of the Settlement (the "Deposit Date"); or (b) Lead Counsel's provision to Settling Defendants' Counsel all of the information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to, wire transfer instructions, payment address, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number.

8.     Lead Plaintiffs and each of the Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder.  With the sole exception of the Settling Defendants' obligation to ensure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 7, and the Settling Defendants' obligation pursuant to ¶ 37, Settling Defendants and Settling Defendants' Counsel shall have no obligation to pay any additional amounts, nor any responsibility for, interest in, or liability whatsoever with respect to: (i) fees, expenses, costs, Taxes, liability or damages whatsoever alleged or incurred by Lead Plaintiffs or any an Settlement Class Member, or by any of their attorneys, experts, advisors, agents or representatives with respect to the Action and Released Claims; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise;

(iii) the management, investment, distribution, or allocation of the Settlement Fund; (iii) the Plan of Allocation; (v) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

9.      Other than the obligation of Settling Defendants to cause the payment of the Settlement Amount pursuant to ¶ 7, Settling Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member or Plaintiffs' Counsel pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

10.      The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.  The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, expect as provided in this Stipulation of Settlement, or upon Order of the Court.

11.      The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 23-32 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all interest and earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the

funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit

Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Settling

Defendants and Settling Defendants' Counsel shall have no responsibility for, interest in, or

liability whatsoever with respect to investment decisions executed by the Escrow Agent. All

risks related to the investment of the Settlement Fund shall be borne solely by the Settlement

Fund.

12. After the Settlement Amount has been paid into the Escrow Account, the Settling

Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of

Treas. Reg. § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is

consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of

Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make, or cause to

be made, such elections as necessary or advisable to carry out the provisions of this

paragraph 12, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back

to the earliest permitted date. Such election shall be made in compliance with the procedures

and requirements contained in such regulations. It shall be the responsibility of the Escrow

Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the

necessary documentation for signature by all necessary parties, and thereafter take all such

actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.

Consistent with the foregoing:

(a) For the purposes of Section 468B of the Internal Revenue Code of 1986,

as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the

Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all

federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or

advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 12.

(b)    All Taxes shall be paid out of the Settlement Fund. In all events, Settling Defendants and Settling Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority. The Settling Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. In the event any Taxes are owed by any of the Settling Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)    Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Settling Defendants. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Settling Parties agree to

cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 12.

13.     This is not a claims-made settlement.  As of the Effective Date, Settling Defendants, and/or any other Person funding the Settlement on a Settling Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  Should the Settlement fail to reach the Effective Date, amounts in the Settlement Fund will be returned to the Settling Defendants or Persons who contributed such funds pursuant to paragraph 49.

## ATTORNEYS' FEES AND EXPENSES

14.     Lead Counsel (on behalf of all Plaintiffs' counsel) will apply to the Court, which application may occur more than once, for an award from the Settlement Fund of attorneys' fees and/or payment of expenses incurred in prosecuting the Action, including any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  Settling Defendants are not aware of the amount of attorneys' fees and expenses that Lead Plaintiffs incurred in prosecuting the Action.  Lead Plaintiffs and Settling Defendants have had no negotiations or discussions regarding attorneys' fees and expenses, and Settling Defendants shall take no position with respect to any Fee and Expense Application.

15.     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the Order awarding such attorneys' fees and expenses and entry of the Judgment or Alternative Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the

Settlement, or any part thereof. Lead Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiffs' Counsel.

16.     Any payment of attorneys' fees and expenses pursuant to ¶¶ 14-15 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

17.     With the sole exception of the Settling Defendants' obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶ 7, Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Plaintiffs' Counsel in the Action that may occur at any time.

18.     Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

19.     Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement

Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Settling Defendants for any award of attorneys' fees and expenses ordered by the Court.

20. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 42 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

21. Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

22. Prior to the Effective Date, and after the Court enters the Preliminary Approval Order, without further approval from Settling Defendants or further order of the Court, Lead Counsel may expend up to $300,000 from the Settlement Fund to pay Notice and Administration Expenses actually incurred. Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Settling Parties or order of the Court. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Settling Defendants or further order of the Court.

After the Effective Date, without approval of Settling Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred. Settling Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA"), if any, at their own expense.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

23. The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Settling Defendants and Settling Defendants' Counsel shall have no responsibility for (except as stated in ¶¶ 7 and 37 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

24. The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

25. Settling Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 42 or otherwise based on the

Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Settling Defendants and Settling Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

26.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

27.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be distributed as provided by Order of the Court.

## ADMINISTRATION OF THE SETTLEMENT

28.     Any Settlement Class Member who fails timely to submit a valid Proof of Claim (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for

herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

29.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim submitted, or to accept untimely claims if distribution of the Net Settlement Fund will not be materially delayed thereby. Lead Counsel shall bear no liability for the exercise or non-exercise of this discretion. Settling Defendants and Settling Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging claims. Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

30.     For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each claimant shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Lead Counsel in their discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or

the discretion of Lead Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind asserting any Released Claim against any Released Defendant Party.  A Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant an opportunity to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20)

calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

31.     Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

32.     Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

33.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto,

including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

34.     No Person shall have any claim of any kind against the Released Defendant Parties or Settling Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 28-35) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

35.     No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

36.     Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.  Lead Counsel and Settling Defendants' Counsel shall jointly request that the deadline for objecting to this Stipulation of Settlement be set at least forty-five (45) calendar days after the date for the initial mailing of the Notice, as set forth in the Preliminary Approval Order.

37.     The Trust shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, within five (5) business days of entry of the Preliminary Approval Order, transfer records in electronic searchable form, such

as Excel, containing the names and addresses of Persons who purchased shares of the Fund during the Class Period.

## TERMS OF THE JUDGMENT

38.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Settling Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

39.     The Judgment shall include a settlement discharge provision barring claims brought by any other Persons and arising out of the Action against the Settling Defendants to the fullest extent permitted by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737, 15 U.S.C. § 78u-4(f)(7)(A) (the "PSLRA").

40.     Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class against any person or entity subject to the settlement discharge set forth in paragraph 39 above shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (b) the amount paid by or on behalf of Settling Defendants to the Settlement Class or a Settlement Class Member for common damages.

## EFFECTIVE DATE OF SETTLEMENT

41.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil

Procedure, as well as notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (inclusive of the final approval provision set forth in subpart (d) therein); and

(d)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

42.     Settling Defendants and Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Settling Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment that is acceptable to the Settling Parties; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation.

43.     In addition to the foregoing, Settling Defendants shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

(a)     Simultaneously herewith, Settling Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion

("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which the Settling Defendants shall have the right, which right must be exercised unanimously, to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 47-49 which shall continue to apply.

44.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion pursuant to the Notice, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Settling Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

45.     In addition to all of the rights and remedies that Lead Plaintiffs have under the terms of this Stipulation, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 7

above, but only if Lead Plaintiffs have first provided written notice of the election to terminate to all other Settling Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

46.     If, before the Settlement become Final, (i) any of the Settling Defendants files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law; and (ii) a court of competent jurisdiction enters a final order determining that the transfer of money or any portion thereof to the Settlement Fund by or on behalf of said Settling Defendant was a preference, voidable transfer, fraudulent transfer, or similar transaction; and (iii) any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Settling Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of the Settling Defendants and the Settling Parties shall be restored to their litigation positions on May 23, 2019.

(a)     Settling Defendants respectively warrant, as to themselves and the payments made on their respective behalves, that, at the time of such payment, each, respectively, will not be insolvent, nor will payment render each insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

47.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 42-46 above: (i) neither Settling Defendants nor Lead Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any

exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Settling Defendants or Lead Plaintiffs, as applicable.

48.     With the exception of the provisions of ¶ 49 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action on May 23, 2019; and, except as specifically provided herein, the Settling Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Settling Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

49.     In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s) within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Settling Defendants' Counsel to Lead Counsel.  At the request of Settling Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## NO ADMISSION

50.     Except as set forth in ¶ 51 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Settling Defendants with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Settling Defendants or any person or entity whatsoever, or of any infirmity in any of the Settling Defendants' defenses;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Settling Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Settling Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Settling Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to

any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Defendants, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against Settling Defendants, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

51.     Notwithstanding ¶ 50 above, the Settling Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

52.     All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

53.     Pursuant to CAFA, no later than ten (10) calendar days after the Stipulation is filed with the Court, Settling Defendants, at their own cost, shall serve or cause to be served proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

54.     The Settling Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Settling Parties with respect to the Released Claims, Cross-Released Claims and Released Defendants' Claims. Accordingly, the Settling Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis, although the Settling Defendants retain their right to deny that any claims advanced in the Action had merit.  The Settling Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the claims in the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

55.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Settling Parties hereto, or their successors.

56.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

57.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

58.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver by any other Settling Party, or a waiver by any Settling Party of any other prior or subsequent breach of this Stipulation.

59.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning the Settlement as against the Settling Defendants, and no representation, warranty, or inducement has been made by any Settling Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

60.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

61.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

62.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

63.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via email in pdf format shall be deemed originals.

64.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

65.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Parties.

66.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

67.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

68.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

69.     The Settling Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

70.     Except as otherwise provided herein, each Settling Party shall bear its own costs.


**IN WITNESS WHEREOF**, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 19, 2019.

**LABATON SUCHAROW LLP**

By: _____

James W. Johnson
Michael H. Rogers

140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com


**ROBBINS GELLER RUDMAN & DOWD LLP**

By: _____

James E. Barz
Brian E. Cochran
Frank A. Richter

South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (312) 674-4674

69. The Settling Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

70. Except as otherwise provided herein, each Settling Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 19, 2019.

### LABATON SUCHAROW LLP

By: _____
        James W. Johnson
        Michael H. Rogers

        140 Broadway
        New York, NY 10005
        Telephone: (212) 907-0700
        Facsimile: (212) 818-0477
        jjohnson@labaton.com
        mrogers@labaton.com

### ROBBINS GELLER RUDMAN & DOWD LLP

By: _____
        James E. Barz
        Brian E. Cochran
        Frank A. Richter

        South Wacker Drive, 31st Floor
        Chicago, IL 60606
        Telephone: (312) 674-4674

Facsimile: (312) 674-4676
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com

*Co-Lead Counsel for Lead Plaintiffs and the Proposed
Settlement Class*

**DRINKER BIDDLE & REATH LLP**

By: _____
Bradley J. Andreozzi
Daniel J. Delaney

191 North Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-1375
bradley.andreozzi@dbr.com
daniel.delaney@dbr.com

*Attorneys for Two Roads Shared Trust,
Andrew Rogers and James Colantino*

**SIDLEY AUSTIN LLP**

By: _____
Thomas K. Cauley, Jr.
Alex J. Kaplan (admitted *pro hac vice*)

One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
tcauley@sidley.com

787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
ajkaplan@sidley.com

- 41 -

*Attorneys for Northern Lights Distributors, LLC*

**BLANK ROME LLP**

By: _____

Evan H. Lechtman
Charles Fitzpatrick, IV

130 North 18th Street
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5367
Facsimile: (215) 569-5367
lechtman@blankrome.com
fitzpatrick-c@blankrome.com

*Attorneys for Mark Gersten, Mark Garbin,
Neil Kaufman and Anita Krug*

**GOODWIN PROCTER LLP**

By: _____

Daniel P. Roeser
Mark Holland
Roberto M. Braceras

The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: (212) 813-8800
Facsimile: (212) 355-3333

100 Northern Avenue
Boston, MA 02210
Phone: (617) 570-1000
Facsimile: (617) 523-1231
droeser@goodwinlaw.com
mholland@goodwinlaw.com
rbraceras@goodwinlaw.com

*Attorneys for NorthStar Financial Services Group, LLC*

*Attorneys for Northern Lights Distributors, LLC*

**BLANK ROME LLP**

By: _____
    Evan H. Lechtman
    Charles Fitzpatrick, IV

    130 North 18th Street
    One Logan Square
    Philadelphia, PA 19103
    Telephone: (215) 569-5367
    Facsimile: (215) 569-5367
    lechtman@blankrome.com
    fitzpatrick-c@blankrome.com

*Attorneys for Mark Gersten, Mark Garbin,*
*Neil Kaufman and Anita Krug*

**GOODWIN PROCTER LLP**

By: *Mark Holland*
    Daniel P. Roeser
    Mark Holland
    Roberto M. Braceras

    The New York Times Building
    620 Eighth Avenue
    New York, NY 10018
    Phone: (212) 813-8800
    Facsimile: (212) 355-3333

    100 Northern Avenue
    Boston, MA 02210
    Phone: (617) 570-1000
    Facsimile: (617) 523-1231
    droeser@goodwinlaw.com
    mholland@goodwinlaw.com
    rbraceras@goodwinlaw.com

*Attorneys for NorthStar Financial Services Group, LLC*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on August 19, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
& DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

E-mail: JBarz@rgrdlaw.com

# Mailing Information for a Case 1:18-cv-01039 Sokolow v. LJM Funds Management, Ltd. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Bradley Joseph Andreozzi**
  bradley.andreozzi@dbr.com,docketmail@dbr.com,patricia.torbert@dbr.com

- **Amy Curtner Andrews**
  aandrews@sidley.com,efilingnotice@sidley.com,amy-andrews-6537@ecf.pacerpro.com

- **James E Barz**
  jbarz@rgrdlaw.com,mburch@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Roberto M. Braceras**
  rbraceras@goodwinprocter.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com

- **Michael Elliot Criden**
  mcriden@cridenlove.com

- **Daniel J. Delaney**
  daniel.delaney@dbr.com,violet.mendiola@dbr.com,diane.ravenscraft@dbr.com

- **Michael C Dell'Angelo**
  mdellangelo@bm.net,tstires@bm.net

- **Ashley Moore Drake**
  Amdrake@goodwinlaw.com

- **Daniel R Fine**
  danfine@bfkn.com,daniel-fine-bfkn-2199@ecf.pacerpro.com,ourdocket@gmail.com,dan-fine-8661@ecf.pacerpro.com

- **Charles Alphonsus Fitzpatrick , IV**
  Fitzpatrick-C@BlankRome.com

- **Kyle L Flynn**
  flynnk@gtlaw.com,ickesp@gtlaw.com,CHILitDock@GTLAW.com

- **Michael Jerry Freed**
  mfreed@fklmlaw.com,mkhamoo@fklmlaw.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Lindsey Caryn Grossman**
  lgrossman@cridenlove.com

- **Jeffry Mark Henderson**
  hendersonj@gtlaw.com,liabol@gtlaw.com,CHILitDock@GTLAW.com

- **Brian M. Hogan**
  bhogan@fklmlaw.com

- **Mark Holland**
  mholland@goodwinlaw.com

- **Mathew Jasinski**
  mjasinski@motleyrice.com,kweil@motleyrice.com

- **James W. Johnson**
  JJohnson@labaton.com,7592785420@filings.docketbird.com,lpina@labaton.com,smundo@labaton.com,electroniccasefiling@labaton.com

- **Matthew Langley**
  mlangley@rgrdlaw.com

- **Thomas L. Laughlin , IV**
  tlaughlin@scott-scott.com,ksteinberger@scott-scott.com,efile@scott-scott.com

- **Evan Lechtman**
  lechtman@blankrome.com

- **Gregg S. Levin**
  glevin@motleyrice.com,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **William Henry London**
  wlondon@fklmlaw.com,mkhamoo@fklmlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Joshua Wendell Mahoney**
  joshua.mahoney@bfkn.com,lauren.dwyer@bfkn.com,ourdocket@gmail.com,joshua-mahoney-bfkn-4006@ecf.pacerpro.com

- **Steven Marc Malina**
  malinas@gtlaw.com,CHILitDock@gtlaw.com,caswickc@gtlaw.com

- **Francis P. Mcconville**
  fmcconville@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Matthew M Morrissey**
  matthew.morrissey@dbr.com,alice.continpage@dbr.com

- **Todd Edward Pentecost**
  pentecostt@gtlaw.com,sullivanka@gtlaw.com,chilitdock@gtlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Daniel P. Roeser**
  DRoeser@goodwinlaw.com

- **Michael H Rogers**
  mrogers@labaton.com,lpina@labaton.com,8956253420@filings.docketbird.com,electroniccasefiling@labaton.com

- **David A Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Peter G. Rush**
  rushp@gtlaw.com,browntk@gtlaw.com,chilitdock@gtlaw.com

- **Margaret Schmidt**
  mschmidt@labaton.com,lpina@labaton.com,electroniccasefiling@labaton.com

- **Jennifer Winter Sprengel**
  jsprengel@caffertyclobes.com,docket@caffertyclobes.com,snyland@caffertyclobes.com

- **Rhiana L Swartz**
  rswartz@scott-scott.com,ksteinberger@scott-scott.com,efile@scott-scott.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)