UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD SOKOLOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:18-cv-01039 |
| | ) | Hon. Judge Robert M. Dow, Jr. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LJM FUNDS MANAGEMENT, LTD., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

**FINAL ORDER AND JUDGMENT
AS TO SETTLING DEFENDANTS**

This matter came before the Court pursuant to the Order Granting Preliminary Approval

of Partial Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on

Final Approval of Partial Settlement ("Preliminary Approval Order"), entered August 28, 2019,

2019, on the application of the settling parties for approval of the settlement set forth in the

Stipulation and Agreement of Partial Settlement, dated August 19, 2019, (the "Stipulation"),

pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Due and adequate notice having

been given to the Settlement Class (defined below) as required in the Preliminary Approval

Order, and the Court having considered all papers filed and proceedings had herein and

otherwise being fully informed of the pending matters and good cause appearing therefore, IT IS

HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     This Court has jurisdiction over the subject matter of the Action and over all Settling Parties in the Action, including all Members of the Settlement Class.

3.     The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who purchased or otherwise acquired shares of the LJM Preservation and Growth Fund during the period from February 28, 2015 through February 7, 2018, inclusive, (the "Class Period"). Excluded from the Settlement Class are: (i) Defendants and their affiliates; (ii) the officers, directors, and/or trustees of LJM Funds Management, Ltd., Two Roads Shared Trust, Northern Lights Distributors, LLC, NorthStar Financial Services Group, LLC, or the Fund; (iii) members of the immediate families of any such excluded person; (iv) any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any excluded person or entity.  Also excluded from the Settlement Class are those investors listed on the attached Exhibit A who timely and validly requested exclusion from the Settlement Class in accordance with the requirements set forth in the Notice, or that the Court otherwise allows to be excluded from the Settlement Class.

4.     Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiffs Justin and Jenny Kaufman, Joseph N. Wilson, Dr. Larry and Marilyn Cohen, Tradition Capital Management LLC, and SRS Capital Advisors, Inc. as Class Representatives for the

Settlement Class; and finally appoints the law firms of Labaton Sucharow LLP and Robbins

Geller Rudman & Dowd LLP as Class Counsel for the Settlement Class.

5.     The Court finds that the mailing and publication of the Notice, Summary Notice,

and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best

notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated

to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of

Allocation for the proceeds of the Settlement, of Lead Counsel's request for payment of

litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class

Members' rights to object or seek exclusion from the Settlement Class, and of their right to

appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all

Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution

(including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C.

§77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the

"PSLRA").

6.     The Court finds that the notice requirements set forth in the Class Action Fairness

Act of 2005, 28 U.S.C. § 1715, including subpart (d) therein, to the extent applicable to the

Action, have been satisfied.

7.     There have been no objections to the Settlement.

8.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court hereby approves

the Settlement set forth in the Stipulation and finds that in light of the benefits to the Settlement

Class, the complexity and expense of further litigation, and the costs of continued litigation, the

Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that:

(a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

9.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. [Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who have validly and timely requested exclusion from the Class,] the Court hereby dismisses all Released Claims of the Settlement Class, as against the Settling Defendants and the Released Defendant Parties, with prejudice.  For the avoidance of doubt, no claims in the Action against the Non-Settling Defendants are dismissed.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

10.    Upon the Effective Date, each of the Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against each of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

11.     Upon the Effective Date, each of the Settling Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against each of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

12.     Upon the Effective Date, each of the Settling Defendants shall have fully, finally, and forever released, relinquished, and discharged all Cross-Released Claims against each and every other Settling Defendant.

13.     All Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

14.     The court hereby bars any and all claims, however styled, for indemnification, contribution, or where the claim arises from a Released Claim and the alleged injury to the Person bringing the claim arises from that Person's alleged liability to the Lead Plaintiffs or any Settlement Class Member: (a) by any Person (including the Non-Settling Defendants) against the Released Defendant Parties, and (b) by the Released Defendant Parties against any Person (including the Non-Settling Defendants). This Paragraph 14 shall discharge the Released Defendant Parties to at least the same extent as if Section 21D-4(t)(7)(A) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(7)(A), applies to this case.

15.     Any final verdict or judgment obtained by or on behalf of the Lead Plaintiffs, the Settlement Class or any Settlement Class Member against any Person, other than the Released Parties, relating to the Released Claims, shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Defendants to the Settlement Class or a Settlement Class Member for common damages.

16.     Any order entered regarding the Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants or their respective Released Defendant Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants or their respective Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settling Defendants and/or their respective Released Defendant Parties may file the Stipulation and/or this Judgment in any other action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action and any dispute related to the allocation of attorneys' fees; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.  For the avoidance of doubt, the award of any

attorneys' fees, costs, or expenses to Lead Counsel, including any appeals therefrom, shall not affect the finality of this Judgment or delay the Effective Date of the Settlement.

19.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the funder(s), then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED this 18th day of December, 2019

_____

Honorable Robert M. Dow, Jr.
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

| Name | City | State |
|---|---|---|
| Joseph Plubell & Marie Pubell TTEE Joseph Plubell Revocable Living Trust | Leawood | KS |
| Todd E. Bleakley and Janice G. Bleakley TTEE Todd E. Bleakley Trust | Prairie Village | KS |
| Todd E. Bleakley, TTEE Dana Bleakley Irrevocable Trust | Olathe | KS |
| Stacy D. Phillips and E. Alan Phillips, TTEE Stacy D. Phillips Trust | Overland Park | KS |
| Thomas Kevin Brennan | Denver | CO |
| Brennan Family Trust 2011 | Denver | CO |
| Suzanne Romain Brennan | Denver | CO |
| Kenneth Maher | Las Vegas | NV |
| Marjorie Hauf | Not Provided | Not Provided |
| Scherrie Maher | Las Vegas | NV |
| Mital Patel | San Ramon | CA |
| Doris J. Batty | Las Vegas | NV |
| Steven Taylor | Las Vegas | NV |
| Lisa A. Sliman | Las Vegas | NV |
| Patricia Stoddard | Peoria | AZ |
| Kristen J. Hart & Gregory E. Hart, TTEE Indenture of Trust for the Rev Inter Vivos Trust of Kristen J. Hart | Tulsa | OK |
| Chunchark Narksavee | Las Vegas | NV |
| Richard Win | Henderson | NV |
| Lily Win | Cedar Knolls | NJ |
| Dr. Carrie Bedient | Las Vegas | NV |
| The William Celentano Separate Property Trust | Phoenix | AZ |
| William Celentano | Phoenix | AZ |
| Derek Collotta | Henderson | NV |
| Michael Rodriguez | Las Vegas | NV |
| Steven C. Maher | Port Orange | FL |
| Frank Russo | Henderson | NV |
| Dr. Richard A. Byrd | Las Vegas | NV |
| Kevin Boushy | Henderson | NV |
| William P. Carter | Carrollton | GA |
| Boushy Consulting, LLC | Henderson | NV |

- 9 -

| Susan Steffey | Brandon | MS |
|---|---|---|
| Preston Perrenot & Sandra Perrenot | Las Vegas | NV |
| Dr. Mark Dugan | Las Vegas | NV |
| Mike Shackelford | Kingman | AZ |
| Desirae Burkhart | Henderson | NV |
| Frances Lee | Irvine | CA |